## NOT YET SCHEDUELD FOR ORAL ARGUMENT

**Circuit Case No. 13-7181**

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Matthew Maggio** | ) |
|     **Plaintiff-Appellant** | ) |
| | ) |
|    **vs.** | ) |
| | ) |
| **Wisconsin Avenue** | ) |
| **Psychiatric Center Inc.** | ) |
|     **Defendant-Appellee** | ) |
| _____ | ) |

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
District Court No: 1:13-cv-01255
(The Honorable Royce C. Lamberth, Judge)

-------------------------------------------------
**BRIEF OF PLAINTIFF-APPELLANT**
-------------------------------------------------

Arinderjit (A.J) Dhali
Bar No. 54848
Dhali PLLC
1629 K. Street. NW. Suite 300
Washington D.C. 20006
T : (202) 556-1285
F:  (202) 351-0518
Email: ajdhali@dhalilaw.com
*Counsel for Plaintiff-Appellant.*
Tuesday May 27, 2014

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Matthew Maggio** | ) |
| **Plaintiff-Appellant** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **Wisconsin Avenue** | ) |
| **Psychiatric Center Inc.** | ) |
| **Defendant-Appellee** | ) |
| | ) |

## CERTIFICATE AS TO PARTIES, RULINGS AND RELTAED CASES

The following information is provided pursuant to D.C. Circuit Rule 28 (a)(1).

**A. Parties.**

<u>Appellant</u>:

Matthew Maggio

<u>Appellee</u>:

Wisconsin Avenue Psychiatric Center, Inc.

No intervenors or amici appeared below, or thus far in this Court.

**B. Rulings Under Review**

The ruling under review is the final order entered by Honorable Judge Royce

C. Lamberth on October 10, 2013, denying Plaintiff's Opposition's to

Defendant's Motion to Dismiss or in the Alternative Motion for Summary

Judgment. *Matthew Maggio v. Wisconsin Avenue Psychiatric Center Inc.,*

_____ F.Supp. 2d___ . (October 10, 2013)

**C. Related Cases**

None; the case on appeal has not previously been before this Court, or any

other court in the United States.

Respectfully Submitted,

/s/Arinderjit (A.J) Dhali
Arinderjit Dhali
Bar No. 54848
Dhali PLLC
1629 K. Street. NW. Suite 300
Washington D.C. 20006
T : (202) 556-1285
F:  (202) 351-0518
Email: ajdhali@dhalilaw.com
*Counsel for Plaintiff-Appellant*
*May 27, 2014*

# TABLE OF CONTENTS

Certificate of Parties, Rulings Under Review and Related Cases…………………..ii

Table of Authorities……………………………………………………………..v

Glossary of Abbreviations…………………………………………………………vi

Jurisdictional Statement…………………………………………………………1

Statement of Issues………………………………………………………………2

Statutes & Regulations……………………………………………………………3

Statement of the Case……………………………………………………….....3

Summary of Argument……………………………………………………………12

Standing……………………………………………………………………...14

Argument………………………………………………………………….…14

    1. Whether The District Court Erred When It Found That Equitable Tolling
       Does Not Apply Because "At No Time Did Maggio Direct <u>These</u>
       <u>Agencies</u>[Plural] To Solely Communicate – Or Even Dually
       Communicate- With His Counsel." Matthew Maggio Clearly Informed
       The OHR That All Communications Are To Be Made With His Counsel
       Of Record Only………………………………………………….…...14

       A. Standard of Review………………………………………………14
       B. As Agents for the DCOHR, EEOC Had Actual Notice of Matthew's
          Representation……………………………………………………15

    2. Equitable Tolling Is Applicable Because It Is Reasonable To Assume
       That A Party Who Is Represented By Counsel Will Have The Notice To
       Sue Mailed To His Counsel. More So When In Here, The Form That
       Was Submitted To Both the OHR & The EEOC Also Contained The
       Attorney's Contact Information and Counsel Explicitly Informed Both
       Agencies to Communicate With the Counsel of Record Only…………17

Conclusion……………………………………………………...……..22

Certificate of Compliance………………………………………………..24

Certificate of Service……………………………………………….…25

# TABLE OF AUTHORITIES

**Cases**                                                                                               *Page(s)*

*Federal Express Corporation v. Holowecki*, 522 U.S. 389 (2008)………………8

*Irvin v. Department of Veteran Affairs*, 498 U.S. 89 (1990)...……………10,19, 21

*Rasul v. Myers*, 521 F.3d. 644  (D.C. Cir. 2008)……………………..………..12, 14

*Price v. Socialist Peoples's Libyan Arab Jamahiriya*, 389 F.3d. 192 (D.C. Cir. 2004)………………………………………………………………….………… 12, 14

*United States v. Dozier*, 162, F.3d. 120 (D.C. Cir 1998)………………..…..13, 15

*Buchanan v. Reliance Insurance Company*, 475 F.3d 508 (3rd. Cir. 2007)…….…15

*Martin Marietta Corporation v. Gould Inc*., 70 F.3d. 768 (4th Cir. 1995)………..15

*Coleman v. Talbot County Detention Center*, Appeal No. 06-2024 (4th Cir. July 12, 2007) (*per curiam*)…………………………………………...17

*Ryczek v. Guest Services*, 877 F.Supp 754 (D.D.C. 2005)……………………18, 19

*Threadgill v. Moore U.S.A. Inc*., 269 F. 3d 848 (7th Cir. 2001)………..…………19

**Statutes & Rules**

28 U.S.C. §1331……………………………………………………………....1

28 U.S.C. §1291……………………………………………………………….1

Fed.Rule of App.Pro. 28 (a)(4)……………………………………………..1

Cir.Rule 28(a)…………………………………………………………………1

42 U.S.C.§§ 2000 *et.seq*……………………………………………………...3

20 U.S.C. §§1400 et seq……………………………………………………...4

# GLOSSARY OF ABBREVIATIONS

Dkt:          Docket
EEOC:         Equal Employment Opportunity Commission
Ex:           Exhibit
HR:           Human Resources
JCAHO:        Joint Commission of Accreditation of Healthcare Organizations.
No.           Number
OHR:          D.C. Office of Human Rights
OSSE:         Office of the State Superintendent of Education
PIW:          Psychiatric Institute of Washington d/b/a Wisconsin Avenue
              Psychiatric Center, Inc.

# JURISDICTIONAL STATEMENT

Pursuant to the Federal Rule of Appellate Procedure 28(a)(4) and Circuit Rule 28(a), Appellate makes the following statements concerning jurisdiction.

1. <u>District Court</u>. This case is an action brought to redress sex discrimination against employer and defendant-appellee "Wisconsin Avenue Psychiatric Center, Inc." under Title VII of the Civil Rights Act of 1964 as amended. Accordingly the District Court had subject matter jurisdiction of Appellant's discrimination complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

2. <u>Court of Appeals</u>. This Court has jurisdiction of the appeal from the final decision of the District Court pursuant to 28 U.S.C. Section 1291. The District Court issued a final Order pursuant to Federal Rules of Civil Procedure 54(b), dismissing Appellant's case on October 10, 2013 by granting Defendant Appellee's Motion to Dismiss or in the Alternative Motion for Summary Judgment.

## STATEMENT OF ISSUES

1.  Whether the U.S District Court erred in granting the Appellee's Motion to Dismiss when denying the application of equitable tolling, in a case under Title VII? In here, both the D.C. Office of Human Rights (OHR) and the Equal Employment Opportunity Commission (EEOC) had specific knowledge of Appellant Mr. Matthew Maggio's (Matthew) representation by Counsel and despite this knowledge of legal representation, the EEOC mailed the Right to Sue to Matthew's prior address.

2.  If simply stating the name, address, telephone and email address of Matthew's counsel on the form filed with the OHR and the EEOC is sufficient to provide EEOC with notice of Matthew's legal representation and that the Right to Sue is to be mailed to his counsel, or as per the ruling of the District Court, does Matthew also have to specifically mention to the EEOC to direct all communications to his Counsel of Record? Matthew did both at the time of the initial filing at the OHR who then cross filed his charge form with the EEOC. The charge form (or Form 5) cross filed with the EEOC, again mentions Matthew's representation by legal counsel.

## STATUTES & REGULATIONS

Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sections 2000e *et seq.*

## STATEMENT OF THE CASE

Matthew is a Caucasian male with a Bachelor of Arts from Emerson College in Boston and a Master of Arts from Brooklyn College in New York. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶1, p.2)

On July 29, 2009, Matthew was hired as a Counselor by the Defendant-Appellee, Wisconsin Avenue Psychiatric Center Inc., a/k/a the "Psychiatric Institute of Washington" (PIW). PIW is the District's first and only free standing psychiatric hospital. They provide an array of outpatient programs that serve inner city youths and adults. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶¶2, 3, p.3)

At the time of Matthew's appointment, he was earning $38,000 per year. About three (3) months later or October 2009 he was promoted to the position of a Teacher at $42,000 per year. In January 2010, PIW promoted Matthew again, this time as the School Director of the PIW, earning $52,000 per year. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶2, p.3) He was the only School Director at PIW. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶21, p.6.)

As the School Director, Matthew was responsible for overseeing PIW's psycho-educational programs and the students' Individualized Education Plans (IEP) as under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. 1400 *et seq.* Matthew also worked closely with the D.C. Public Schools for obtaining teaching credits for his students at PIW. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶18, p.5).

On or about August 2011, Matthew submitted his renewal application for his teaching license with the Office of the State Superintendent of Education (OSSE). On September 7, 2011, Matthew received a letter from OSSE that his renewal application is incomplete because he did not submit his fingerprints. Matthew provides this letter to Mr. Randy Keller, Director of Human Resources (HR) at PIW. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶33, p.9).

Matthew also informs Mr. Keller, that he will be taking his fingerprints and he will be resubmitting his application to OSSE for his license. Mr. Keller says this is fine.  Mr. Keller is thus made aware of his pending application with OSSE for the renewal of his teaching license. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶34, p.9).

On December 22, 2011 and December 23, 2011, PIW was audited by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO). In the audit, it is discovered that some Directors of the PIW are not current with their licenses.

Matthew along with other female Directors is named in the audit as those without valid licenses. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶36, p.9).

On this day, PIW terminates Matthew only on the grounds that he gave "no documentation to the HR Department that [he] started the application process to renew [his] license." (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶37, p.10).  Soonafter, Matthew was replaced by a female candidate Ms. Delia Pinckney at PIW in his prior position as a School Director. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶37, p.10).

On April 2, 2012, Matthew temporarily relocated to South Carolina to be closer to his dying mother. She is in the final stages of Alzheimer's. He however continued to maintain an address in Washington D.C., so as to find employment in the District. (*See* Dist. Ct. Dkt No. 5, p. 4).

## Matthew's Administrative Filings At The OHR And The EEOC & The Agencies Express Knowledge Of Matthew's Legal Representation

On April 8, 2012, an "Employment Intake Questionnaire" (Questionnaire) was filed at the D.C. Office of Human Rights (OHR) alleging sex discrimination against PIW.  (*See* Dist. Ct. Dkt No. 5, Ex. 8).

On May 11, 2012, Matthew and counsel of record, physically visited the Office of Human Rights for an intake interview with the investigative officer Ms. Tecora Martin. The appointment was originally scheduled for April 30, 2012, but was

rescheduled at counsel's direction to May 11, 2012[1]. (*See* Dist. Ct. Dkt No. 5, Ex. 8).

On May 11, 2012, the Office of Human Rights is made aware of Matthew's representation by counsel. We also inform the OHR that all communications regarding this case are to be made with the counsel of record only.  Counsel also advised the Office of Human Rights and Ms. Martin to cross file the complaint with the EEOC and that the EEOC are also to be made aware of Matthew's legal representation and that again, all communications are to be made to the counsel of record only.

This is further buttressed by the fact that in the Office of Human Rights "Questionnaire" under the heading, **"IF REPRESENTED BY COUNSEL PLEASE PROVIDE THE FOLLOWING"**  the investigative officer Ms. Martin made two hand written notations to the Questionnaire: (1) by handwriting counsel's email address and (2) by circling counsel's telephone and fax number. (*See* Dist. Ct. Dkt No. 5, Ex. 8) (emphasis original). The latter act of circling our telephone number by Ms. Martin, is an acknowledgment by her that she was to contact counsel only. Subsequently, Ms. Martin did infact initiate all correspondences with counsel of record only by both telephone and email (*See*

---

[1] In reviewing the "Employment Intake Questionnaire" at the top right hand corner, the date 4/30/2012 is scratched out. It is replaced with "R/S 5/11 10am" or rescheduled for May 11, 2012 for 10 am.

Dist. Ct. Dkt No. 2. #10. # 11). Never once then, did either the OHR or Ms. Martin ever communicate with Matthew.

Finally, the EEOC Form 5 (Form 5) that was cross filed by the OHR on the same day or also on May 11, 2012, also makes note of this, in that right next to Matthew's name, it provides counsel's name, office address, counsel's phone number and email address. (*See* Dist. Ct. Dkt No. 5, Ex. 5). The Form 5 says in explicit detail:

**Matthew Maggio c/o A.J. Dhali, Esq. 1629 K. Street. NW. Suite 300. Washington D.C. 20006. (202) 556-1285. ajdhali@dhalilaw.com.** (emphasis original)

On July 20, 2012, we communicated with the OHR our intent to withdraw the complaint from its office, and if we needed to file a subsequent claim form with the EEOC. (*See* Dist. Ct. Dkt No. 2, # 10). To which on July 23, 2012, Ms. Martin replies in an email with the following,

*You are correct. The case was jointly filed with the EEOC; therefore there is no need for you to jointly file with the EEOC [....]* (See Dist. Ct. Dkt No. 2, #11).

Having been told by the OHR that there was no additional filing to be made with the EEOC, on July 30, 2012, we communicated with the OHR, that we wish to withdraw the complaint from their office, but that we still wish to keep the filing with the EEOC, and that we intend to proceed in the Superior Court of Washington

D.C., pending the issuance of the Notice to Sue from the EEOC. (*See* Dist. Ct. Dkt No. 2, #12)

Consequently, having been provided with a copy of the Form 5 or charge that was cross filed with the EEOC, by the OHR, indicating EEOC's knowledge of our legal representation, and also being told by OHR that there was no other filing that we needed to make with the EEOC, we did not communicate with the EEOC again, until it was time to request the Right to Sue.

Nor is there any special filing, pleading or form that either the OHR or the EEOC requires the counsel of record to file with either administrative agency, requesting that the Right to Sue be mailed to the counsel of record on this. Perhaps this lack of additional filing can be attributed to the predominately prose filings at the administrative stage[2]. As a result, not having anything additional to file, and already having informed both the OHR and the EEOC of Matthew's notice of representation, and that all communications be made with the counsel of record only, no further correspondence with the EEOC was initiated by us. As Matthew was represented by legal counsel, he too did not communicate with either the OHR or the EEOC.

---

[2] *See Fed. Express Corp v. Holowecki*, 552 U.S. 389, 402 (2008) (Where in determining the adequacy of a charge filed with the EEOC, the Supreme Court noted that, "In the administrative context now before us it appears *pro se* filings may be the rule, not the exception.")

**Despite Actual Knowledge of Matthews Legal Representation, EEOC Mails the Right To Sue to Matthew's Prior Address.**

On November 26, 2012 the EEOC mailed the Right to Sue by regular U.S. mail and sent it to Matthew's prior address only. He did not inform the EEOC that he had moved to South Carolina, <u>Matthew thus never received the Right to Sue</u> (emphasis added).

Despite our instructions to the contrary to both the OHR and the EEOC, the Right to Sue was however never sent to the counsel of record by the EEOC

**Counsel's Communication With The EEOC On The Right To Sue**

On Tuesday June 4, 2013, counsel telephoned the EEOC to request a Right to Sue[3]. We were told to send a written request via facsimile. This facsimile was sent on the same day or June 4, 2013. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶10, p.4).

---

[3] Defendant-Appellee's have spilled a lot of ink in their Motions and Oppositions filed in this Court, that because we waited approximately 300 odd days from the July 30th, 2012, withdrawal of our complaint from the OHR to request the Right to Sue from the EEOC on June 4, 2013, equitable tolling in this instance should not apply because we intentionally delayed the request for the Right to Sue from the EEOC. Implicit in this reasoning, is that we have a legal obligation to request the Right to Sue, upon prompt expiry of the 180 days EEOC investigative period, and/or upon prompt removal of the charge from the OHR to file a Title VII action with this Court. We do not. As a frequent filer with both the OHR and the EEOC, we have numerous charges pending with the EEOC, many of whom have reached the end of their 180 days investigatory period. For a variety of reasons (including the managing of our case load, and/or client financial resources) we have yet to request the Right to Sue. Defendant's insistence that we promptly file with the courts upon expiry of the 180 days, will simply result in plaintiff's attorneys (many of whom are solo or small firm attorneys that are already over worked) to either

On Friday June 14, 2013, counsel for Matthew telephoned the EEOC to enquire about the status of the Right to Sue or facsimile sent on Tuesday June 4, 2013.  We were told that Mr. David Gonzalez of the EEOC would call us on Monday June 17, 2013.  (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶11, p.4).

On Monday June 17, 2013, David Gonzalez, the State and Local Coordinator of the Washington D.C. EEOC Field Office, sent us an email requesting a letter of representation from our office.  A notice of representation was emailed on the same day to Mr. Gonzalez. (*See* Dist. Ct. Dkt No. 1. Ex. C. ¶12, p.4).

Mr. Gonzalez then emailed us the Right to Sue on Monday June 17, 2013. Mr. Gonzalez said that the EEOC was not aware that the Plaintiff was represented, or that the Plaintiff had moved, and that he "regret[ed] any inconvenience."  He also informed us that any complaint filed post June 17, 2013 would still be timely, since neither Matthew nor counsel had receipt or notice of EEOC's issuance of the Right to Sue until June 17, 2013. The 90 day period to file a lawsuit would thus run from this day[4]. (*See* Dist. Ct. Dkt No. 5, Ex.3 & 11.

---

forgo civil rights cases altogether, and/or result in more prose filings in this Court. Both of these scenarios are not helpful to either litigants or Judges.

[4] *See Irvin v. Dept of Veteran Affairs,* 498 U.S. 89,92 (1990) ("…a notice of final action is "received" when the EEOC delivers its notice to a claimant or the claimant's attorney.")

## Matthew's Procedural History and Prior Filings in Court

Four (4) days later or on June 21, 2013, Matthew filed his action as under the D.C. Human Rights Act (DCHRA) in the Superior Court of Washington D.C. On August 5, 2013, PIW filed a Motion to Dismiss or in the alternative Motion for Summary Judgment, in that the DCHRA action was time barred because it was not filed within the 1 year statute of limitations. On August 8, 2013, we filed an amended action as under Title VII and the Equal Pay Act (EPA), 29 U.S.C. §206 (d). (*See* Dist. Ct. Dkt No. 1. Ex. C)

 On August 15, 2013, PIW moved the action to the Federal District Court, and also filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment on the grounds that Plaintiff's Title VII claims were time barred because Matthew filed an action more than 90 days after receiving the Right to Sue. (*See* Dist. Ct. Dkt No. 2.) PIW did not file a Rule 12 (b) (6) or Rule 56 on his allegations of sex discrimination. They only maintained that his sex discrimination filing was untimely.

On August 29, 2013 we filed our Opposition to their Motion arguing for equitable tolling because both the OHR and the EEOC are agents of each other, and as such, both agencies had actual knowledge of Matthew's legal representation and that all communications were to be made with the counsel of record only. (*See*

Dist. Ct. Dkt No. 5, p. 8). We also conceded that we did not have a claim as under the EPA.

On October 10, 2013, Judge Lamberth dismissed the action holding that equitable tolling did not apply because we did not inform either agencies that they were to communicate with the counsel of record only. (*See* Dist. Ct. Dkt No. 9, p.5) (emphasis mine.)

We then filed our timely appeal with this Court. The only question before this Court then is, does equitable tolling apply in the present instance, where both the OHR and the EEOC had actual, if not constructive knowledge that all communications were to be made to the counsel of record only? If so, Matthew's action as under Title VII is timely and should be allowed to proceed for sex discrimination as under Title VII.

## SUMMARY OF ARGUMENT

On appeal of a motion to dismiss and/or a motion for summary judgment, this Court reviews de novo the legal conclusions of the district court[5].

Factual findings necessary to determine jurisdiction are reviewed for clear error[6].

---

[5] *See Rasul v. Myers*, 521 F3d. 644, 654 (D.C. Cir 2008)
[6] *See Price v. Socialist People's Libyan Arab Jamahiriya,* 389 F.3d 192, 197 (D.C. Cir. 2004)

The question of equitable tolling is also purely one of law, which this Court reviews de novo[7].

The District Court in dismissing the action, held that "at no time did Matthew direct these agencies [plural; in this case the OHR and/or the EEOC] to solely communicate – or even dually communicate- with his counsel […] As such, equitable tolling is not appropriate in this case and Counts I and III are dismissed for lack of timeliness." [Dkt No. 9, Memo.Opinion. p.5]

This is a mischaracterization of the factual record.

It ignores counsel's both verbal and written instruction to Ms. Martin of the OHR that all communications including the eventual Right to Sue, is to be mailed to the counsel of record only. Consequently at all times, when the charge was being processed with the OHR, never once, did the OHR communicate with Matthew. OHR always communicated with Matthew's counsel only.

Under the workshare agreement, this directive was also communicated with the EEOC. Yet despite this express communication, the EEOC sent the Right to Sue to Matthew's prior mailing address and not to his counsel of record.

Consequently, equitable tolling in the present instance is appropriate since it is reasonable to assume that a party who is represented by counsel, and whose

---

[7] *See United States v. Dozier*, 333 U.S.App.D.C. 230, 233, 162 F.3d 120, 123 (1998) (recognizing that court of appeals reviews purely legal questions de novo).

representation is also known by state and federal agencies with legal and

enforcement powers, that all communications are to be made with the attorney of

record only, and not with the client.

## STANDING

Appellant Matthew has standing to bring this appeal as he is the aggrieved

person who was subjected to the sex discrimination alleged in the complaint

dismissed at the District Court, and the subject of this appeal.

## ARGUMENT

I.     **Whether the District Court Erred When It Found That Equitable Tolling Did Not Apply Because "At No Time Did Maggio Direct <u>These Agencies</u> [Plural] to Solely Communicate – Or Even Dually Communicate-With His Counsel." Matthew Maggio Clearly Informed the OHR That All Communications Are To Be Made With His Counsel of Record Only.**

### A. <u>Standard of Review</u>

On appeal of a motion to dismiss and/or a motion for summary judgment,

this Court reviews de novo the legal conclusions of the district court[8].

Factual findings necessary to determine jurisdiction are reviewed for clear

error[9].

The question of equitable tolling is also purely one of law, which this Court

reviews de novo[10].

---

[8] *See Rasul v. Myers*, 521 F3d. 644, 654 (D.C. Cir 2008)
[9] *See Price v. Socialist People's Libyan Arab Jamahiriya,* 389 F.3d 192, 197 (D.C. Cir. 2004)

## B. As Agents for the DCOHR, EEOC Had Actual Notice of Matthew's Representation

It is the rule of agency law that "knowledge of the agent is the knowledge of his principal, and notice to the agent of the existence of material facts is notice thereof to the principal, who is taken to know everything about a transaction which his agent in it knows." *Buchanan v. Reliance Ins. Co.*, 475 F.3d 508, 513 (3rd Cir. 2007). Moreover, under the general rule, the knowledge imputed to the principal is considered actual knowledge, not constructive. *See Martin Marietta Corp. v. Gould, Inc.,* 70 F.3d 768, 773 n.4 (4th Cir. 1995).

In the present instance, the OHR and the EEOC Washington Field Office has a work-share agreement[11] whereby "each designate the other as it's agent for the purpose of receiving and drafting charges…." (*See* Dist. Ct. Dkt No. 5, Exhibit 4, Subpart II (A) "Filing of Charge of Discrimination"). Additionally under the work-share agreement, both the OHR and the EEOC,

*shall make available for inspection and copying to appropriate officials from the other Agency any information in carrying out its responsibilities. Such information shall include, but not necessarily limited to, investigative files, conciliation agreements, staffing information, case management printouts as may be related to the processing of dual-filed charges or administration of the contract.*" (*See* Dist. Ct. Dkt No. 5, Exhibit 4, Subpart IV (A) "Exchange of Information."). (underlined emphasis mine).

---

[10] *See United States v. Dozier*, 333 U.S.App.D.C. 230, 233, 162 F.3d 120, 123 (1998) (recognizing that court of appeals reviews purely legal questions de novo).

[11] We understand that the work-share agreement is renewed every year; the copy we provided to the District Court was from the year 2009-2010. The material terms are the same as of 2013.

The respective agencies liaison person responsible for the day to day operation of the work-share agreement is Alease B. Person for OHR and David Gonzales for the EEOC. (*See* Dist. Ct. Dkt No. 5, Exhibit 4, Subpart VI(A) "Implementation of the Work-Share Agreement.")

On April 8, 2012, Matthew submitted an Intake Questionnaire to the DC OHR. He informs them that he is represented by counsel. On May 11, 2012, when Matthew and the undersigned counsel physically met with the OHR investigator Ms. Martin, counsel again informed Ms. Martin that we were the counsel of record for Matthew and that all communications on this matter are to be directed to us only. Ms. Martin makes two (2) handwritten notations on this Questionnaire towards this effect. Ms. Martin hand writes counsel's email address and also highlights by circling counsel's telephone and facsimile number, explicitly acknowledging that she was to communicate with us only. We also asked the OHR to cross file with the EEOC. The charge form (or Form 5) that was cross filed with the EEOC on this day or May 11, 2012, by the OHR, again makes a note of Matthew's legal representation, by explicitly stating:

**Matthew Maggio c/o A.J. Dhali, Esq. 1629 K. Street. NW. Suite 300. Washington D.C. 20006. (202) 556-1285. ajdhali@dhalilaw.com.** (emphasis original) (*See* Dist. Ct. Dkt No. 5, Ex. 5).

Both the OHR and EEOC therefore had actual knowledge of Matthew's

representation and under the laws of agency, knowledge is imputed to both

administrative agencies.

**II.     Equitable Tolling Is Applicable Because It Is Reasonable To Assume That A Party Who Is Represented By Counsel Will Have The Notice To Sue Mailed To His Counsel. More So When In Here, The Form That Was Submitted To Both the OHR & The EEOC Also Contained The Attorney's Contact Information and Counsel Explicitly Informed Both Agencies to Communicate With the Counsel of Record Only.**

In *Coleman v. Talbot County Detention Center,* Appeal No. 06-2024 (4th Cir.

July 12, 2007) (per curiam) the plaintiff in 2000 filed a charge of discrimination

with the Maryland Commission of Human Rights (MCHR). A charge was also

cross filed with the EEOC. In 2001, the plaintiff moved to Delaware without

informing either agency of the change in address.  The attorney of record however

communicated with both agencies that all correspondences are to be made to him.

On February 11, 2004, the EEOC issued a Right to Sue letter, mailing it to

plaintiff's Maryland address on file. Plaintiff's counsel was never mailed this

Notice. On March 29, 2004, counsel wrote to the EEOC requesting a right-to-sue

letter. He received no response. On April 20, 2004, counsel telephoned the EEOC

and was informed of the February 11, 2004 notice that was mailed to plaintiff's

prior address. The EEOC also rescinded the February 2004 notice, and issued a

second notice-to-sue on April 21, 2004. On July 19, 2004, a complaint was filed in

court. The employer filed a motion to dismiss on the grounds that the complaint

was untimely.

In reversing the District Court's order denying equitable tolling, the 4th Circuit

held,

> *Although we do not excuse Coleman's failure to notify the EEOC of her change*
> *of address, it is not at all unreasonable for a layperson who has retained*
> *counsel to assume that all further matters will be handled by her attorney. We*
> *therefore conclude that [...] the primary fault is that of the EEOC for not--as*
> *both counsel and Coleman reasonably expected--sending a copy of the right-to-*
> *sue letter to counsel. In this vein, we note with approval counsel's diligence in*
> *pursuing the matter, first with the MHRC and then with the EEOC.*

This was also the outcome reached by the District Court in *Ryczek v. Guest*

*Servs*., 877 F. Supp. 754 (D.D.C. 2005). In *Ryczek*, the District Court held that

equitable tolling applies when the plaintiff never received the notice-to-sue

because the EEOC mailed it to the wrong address, and also because the EEOC did

not mail it to the plaintiff's counsel ("The plaintiff attaches a sworn declaration

from Reilly, the Director of the EEOC's field office. Pl.'s Opp'n to Defs.' Mot. for

Summ. J. Ex. 25. The declaration indicates that the EEOC erred by failing to send

a copy of the first right to sue letter to the plaintiff's counsel [...] When a plaintiff

can demonstrate that she failed to receive the right to sue letter because of

"fortuitous circumstances," "events beyond [her] control" or "no fault" of her own,

the limitations period may be tolled [...] Here, the plaintiff has provided the

[EEOC] declaration which strongly suggests that the failure to receive the letter

was the EEOC's fault, not the plaintiff's. The Court finds that this declaration is adequate to justify equitable tolling in this case. Therefore, the Court will not dismiss this case on timeliness grounds.") *id.,* at 758; *see also Threadgill v. Moore U.S.A., Inc*., 269 F.3d 848, 850 (7th. Cir 2001)  ("The 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received <u>either by the claimant or by the attorney representing him in the Title VII action</u>*" accord Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 92 (1990).

In the present instance, on April 8, 2012, Matthew submitted an intake questionnaire to the OHR. On May 11, 2012, when Matthew and his counsel physically met with the investigative officer Ms. Martin, we again informed her of our representation and that all communications are to be directed to us only and not to Matthew. Ms. Martin made two notations towards this effect, by handwriting counsel's email address on the Questionnaire and also by circling counsel's telephone and facsimile number.  Subsequently, the OHR never once communicated with Matthew, but rather with counsel of record only.

On this same day or May 11, 2012, when the OHR cross filed with the EEOC (by filing a charge form number 5) the OHR again informs the EEOC of Matthew's legal representation. This Form 5 or charge form explicitly stated:

**Matthew Maggio c/o A.J. Dhali, Esq. 1629 K. Street. NW. Suite 300. Washington D.C. 20006. (202) 556-1285. ajdhali@dhalilaw.com.** (emphasis original) (*See* Dist. Ct. Dkt No. 5, Ex. 5).

On July 20, 2012, when we withdrew the claim from OHR, we asked the OHR if we needed to submit any filing or a Form 5 with the EEOC. Ms. Martin answers in the negative because a charge was already cross filed with the EEOC.

Despite this actual knowledge of Matthew's legal representation, the EEOC on November 26, 2012, mailed the Right to Sue to Matthew's prior mailing address in the District. He never received this Notice. Contrary to our instructions, a notice was also not sent to counsel's office. On Tuesday June 4, 2013, counsel for Matthew telephoned the EEOC to request a Notice to Sue. We were told to send a written request via facsimile. This facsimile was sent out on the same day or June 4, 2013. On Friday June 14, 2013, counsel for the plaintiff telephoned the EEOC to enquire about the status of the Notice to Sue or facsimile sent on June 4, 2013. We were told that Mr. David Gonzalez of the EEOC[12] would call us on Monday June 17, 2013.

On Monday June 17, 2013, David Gonzalez, the State and Local Coordinator of the Washington D.C. EEOC Field Office, sent us an email requesting a letter of representation from our office. A notice of representation was emailed on the

---

[12] Mr. David Gonzales as part of the work share agreement is the liaison as between DC OHR and the EEOC. He is also the State and Local Coordinator of the EEOC Washington Field Office.

same day to Mr. Gonzalez. Mr. Gonzalez then emailed us the Right to Sue on Monday June 17, 2013. In a telephone call with Mr. Gonzalez, he informed us said that the EEOC was not aware that the Plaintiff was represented, or that the Plaintiff had moved, and that he "regret[ed] any inconvenience.[13]"  He also told us that any complaint filed post June 17, 2013 would still be timely, since neither Matthew nor counsel had receipt or notice of EEOC's issuance of the Right to Sue until June 17, 2013. The 90 day period to file a lawsuit would thus run from this day[14]. On Monday August 5, 2013, well within the 90 day time period, Plaintiff filed an amended action under Title VII.

Consequently like the courts in *Coleman* and *Ryzcek*, this Court too must apply the principles of equitable tolling, especially when in here, the EEOC has accepted responsibility for their mistake, had actual knowledge of Matthew's representation by counsel and the Right to Sue was not received by counsel until June 17, 2013.

---

[13] This lack of notice by the EEOC of our representation is particularly glaring because (i) our name and mailing address is clearly listed on the Form 5 filed with the EEOC and (ii) under the work-share agreement as between the OHR and the EEOC, it was the OHR's responsibility to share its investigative files and case management printouts with the EEOC. The OHR did neither. This mistake cannot be solely ours to bare; and rather than picking on the one most vulnerable, in this case a grieving son with a dying mother, like our sister court in the Fourth Circuit, the blame is best placed on the Office of Human Rights and the federal agency, the Equal Employment Opportunity Commission.

[14] *See Irvin v. Dept of Veteran Affairs,* 498 U.S. 89,92 (1990) ("…a notice of final action is "received" when the EEOC delivers its notice to a claimant or the claimant's attorney.")

Our initial complaint was filed 5 days later well within the 90 day time period of filing a lawsuit.

## CONCLUSION STATING THE RELIEF SOUGHT

The District Court dismissed our complaint for sex discrimination because it held that, "at no time did Maggio direct these agencies [the DCOHR and/or EEOC] to solely communicate-or even dually communicate – with his counsel." This is clear error and a misstatement of the facts. At all times in all our communications with the DCOHR and the EEOC, both agencies had explicit knowledge of our representation. At all times we also informed both the DCOHR and/or the EEOC that all communications including but not limited to the Right to Sue, is to be mailed to the counsel of record only. The EEOC did not do so, and they have accepted responsibility for their negligence. While we will concede that Matthew did not inform the EEOC of his change of address, the Courts have frequently considered this not to be bar to a Title VII action; more so when in here, and as acknowledged by the District Court "that Maggio's counsel was listed on the form cross filed with the DCOHR and the EEOC[….]" and we took all prompt and diligence action in pursing this matter with both the DCOHR and the EEOC. As a result we ask that this Court reverse the District Court Order and that the action be allowed to proceed for sex discrimination as under Title VII.

Respectfully submitted,
DHALI PLLC
/s/ Arinderjit Dhali
Bar No. 54848
**Counsel for Plaintiff-Appellant Matthew Maggio**
1629 K. Street. Suite 300. NW
Washington D.C. 20006
T: (202) 556-1285
F: (202) 351-0518
Email: ajdhali@dhalilaw.com
May 27, 2014

**CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMITATION, TYPE FACE REQUIREMENTS & TYPE STYLE REQUIREMENTS**

1. This brief complies with the type volume limitations of Federal Rules of Appellate Procedure 32(a)(7)(B).

   x: This brief contains <u>5417</u> words, excluding the parts of the brief exempted by the Federal Rules of Appellate Procedure 32(a)(7)(B)(iii), or

    _: This brief uses a monospaced typeface and contains ____ lines of text, excluding the parts of the brief exempted by the Federal Rules of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the type face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

   x: This brief has been prepared in a proportionally spaced typeface using MS Word 2010 in a <u>14</u> point <u>Time New Roman</u> font, or

   __: The brief has been prepared in a monospaced typespace using MS Word 2010 in a ____ characters per inch __ font.

<u>/s/ Arinderjit Dhali</u>
***Counsel for Plaintiff-Appellant Matthew Maggio***
May 27, 2014

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
### CERTIFICATE OF SERVICE

Matthew Maggio v. Wisconsin Avenue Psychiatric Center, Inc
No. 13-7181

The undersigned being duly sworn according to law and being over the age of 18, upon oath depose and say that:

On May 27, 2014, Counsel for Plaintiff-Appellant electronically filed the foregoing **Brief for Plaintiff-Appellant** with the clerk of the Court using the CM/ECF system, which will send notice to the following CM/ECF users:

Bonner Kiernan et al LLP
Kyle Pozza & Alan Block
*Counsel for Appellee-Defendant Wisconsin Avenue Psychiatric Center, Inc.*
1233 20th Street. NW 8th Floor. Washington D.C. 20036

Unless otherwise noted, an original and 5 copies were also filed with the Court on the same date, by hand.

/s/ A.J. Dhali