**RECORD NO. 13-7181**

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

*In The*

# United States Court of Appeals

### For The District of Columbia Circuit

# MATTHEW MAGGIO,

*Plaintiff – Appellant*,

**v.**

# WISCONSIN AVENUE PSYCHIATRIC CENTER, INC.,

*Defendant – Appellee*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

————————

## BRIEF OF APPELLEE

————————

\*Alan S. Block, Esq.
Andrew Butz, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
ablock@bonnerkiernan.com
abutz@bonnerkiernan.com

*Counsel for Appellee*

**THE LEX GROUP**DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## <u>CERTIFICATION AS TO PARTIES, RULINGS AND RELATED CASES</u>

The following is submitted under D.C. Circuit Rules 28(a)(1) and 26.1:

**A.**   <u>**Parties and Amici**</u>

The only parties to this action and appeal are Plaintiff-Appellant Matthew Maggio and Defendant-Appellee Wisconsin Avenue Psychiatric Center, Inc., d/b/a Psychiatric Institute of Washington ("PIW").

**B.**   <u>**Rulings under Review**</u>

The ruling under review is the October 10, 2013 Order and related Memorandum Opinion granting Defendant PIW's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, which is published as *Maggio v. Wisconsin Avenue Psychiatric Center, Inc.*, 2013 U.S. Dist. LEXIS 146584 (D.D.C. Oct. 10, 2013) (Lamberth, J.).

**C.**   <u>**Related Cases**</u>

There are no related cases, or previous appeals of this action to this Court.

/s/ Alan S. Block_____
  Alan. S. Block, Esq. #431010

*Counsel for Defendant-Appellee*

# TABLE OF CONTENTS

**Page**

CERTIFICATION AS TO PARTIES, RULINGS
AND RELATED CASES .......................................................................i

TABLE OF CONTENTS.......................................................... ii

TABLE OF AUTHORITIES .....................................................iv

GLOSSARY OF ABBREVIATIONS ................................... viii

COUNTERSTATEMENT OF THE ISSUES...........................1

TEXT OF PERTINENT STATUTES AND REGULATIONS ...............................1

    A.    42 U.S.C. § 2000e-5(f)(1) ......................................1

    B.    29 C.F.R. § 1601.7(b)...........................................2

COUNTERSTATEMENT OF THE CASE....................................2

    A.    Administrative Proceedings ...................................2

    B.    Proceedings Below ..................................................3

    C.    Material Facts ..........................................................5

        1.    The Nature of the Claim ............................5

        2.    The Nature of the Administrative Proceedings..........................7

    D.    The Ruling Below ..................................................8

SUMMARY OF ARGUMENT ..............................................10

ARGUMENT ...........................................................................11

A.    Plaintiff's Claims under Title VII Are Time Barred Because He Did Not File Suit Within 90 Days of the Notice of Right to Sue ................................................................................................. 11

B.    The Doctrine of Equitable Tolling Cannot Properly Be Applied to Resurrect Plaintiff's Title VII Claims, Because Plaintiff Failed to Give the EEOC a Proper Current Address or Direct the EEOC to Communicate Directly with His Counsel ...................................................................................... 15

CONCLUSION ......................................................................................... 23

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## <u>CASES</u>

*Artis v. Greenspan*,
    158 F.3d 1301 (D.C. Cir. 1998)....................................................................11

*\*Baldwin County Welcome Center v. Brown*,
    466 U.S. 147 (1984)............................................................................12, 22

*Bell v. United States*,
    880 F. Supp. 2d 24 (D.D.C. 2012)...............................................................21

*Buchanan v. Reliance Ins. Co.*,
    475 F.3d 508 (3d Cir. 2007) .........................................................................14

*\*Colbert v. Potter*,
    471 F.3d 158 (D.C. Cir. 2006)......................................................................12

*Coleman v. Talbot County Detention Center*,
    242 Fed. Appx. 72 (4th Cir. 2007) .........................................................20, 21

*Custer v. Murphy Oil Co.*,
    503 F.3d 415 (5th Cir. 2007) .......................................................................13

*Dougherty v. Barry*,
    869 F.2d 605 (D.C. Cir. 1989)...............................................................12, 18

*\*Dyson v. District of Columbia*,
    710 F.3d 415 (D.C. Cir. 2013)...............................................................18, 20

*Epstein v. Armstrong Cork Co.*,
    1979 U.S. Dist. LEXIS 9159 (D. Mass. Oct. 15, 1979) ...............................18

*Fields v. Hoerner Waldorf Corp.*,
    1980 U.S. Dist. LEXIS 16817 (N.D. Ala. Dec. 1, 1980) .............................18

*\*Chief Authorities are Designated by an Asterisk*

*Hagner v. United States*,
 285 U.S. 427 (1932)......................................................................13

*Harper v. Burgess*,
 701 F.2d 29 (4th Cir. 1983) ..........................................................22

*Hill v. John Chezik Imports*,
 869 F.2d 1122 (8th Cir. 1989) .......................................................18

*Hunter v. Stephenson Roofing, Inc.*,
 790 F.2d 472 (6th Cir. 1986) ...................................................16, 18

*Ikossi v. Department of the Navy*,
 516 F.3d 1037 (D.C. Cir. 2008)...............................................11, 12

*In re Lenoir*,
 585 A.2d 771 (D.C. 1991) .............................................................12

*Irwin v. Department of Veterans Affairs*,
 498 U.S. 89 (1990).........................................................................22

*Jones v. Madison Service Corp.*,
 744 F.2d 1309 (7th Cir. 1984) .......................................................22

*Lewis v. Conners Steel Co.*,
 673 F.2d 1240 (11th Cir. 1982) .....................................................16

*Lute v. Singer Co.*,
 678 F.2d 844 (9th Cir. 1982), *as modified by id.*,
 696 F.2d 1266 (9th Cir. 1983) .......................................................18

*Martin Marietta Corp. v. Gould, Inc.*,
 70 F.3d 768 (4th Cir. 1995) ..........................................................14

*Panyanouvong v. Vienna Wolftrap Hotel*,
 525 F. Supp. 2d 793 (E.D. Va. 2007) ............................................21

*Park v. Howard University*,
 71 F.3d 904 (D.C. Cir. 1995)........................................................11

*Rosenthal v. Walker,*
    111 U.S. 185 (1884)..................................................................................13

*\*Ryczek v. Guest Services, Inc.,*
    877 F. Supp. 754 (D.D.C. 1995).............................................................21

*\*Savoy v. VMT Long Term Care Management Co.,*
    522 F. Supp. 2d 211 (D.D.C. 2007)..........................................................12

*Schuler v. Pricewaterhousecoopers, LLP,*
    514 F.3d 1365 (D.C. Cir. 2008)................................................................14

*Smith-Haynie v. District of Columbia,*
    155 F.3d 575 (D.C. Cir. 1998)..................................................................19

*St. Louis v. Alverno College,*
    744 F.2d 1314 (7th Cir. 1984).............................................................16, 18

*Threadgill v. Moore U.S.A., Inc.,*
    269 F.3d 848 (7th Cir. 2001)..............................................................11, 22

*\*Washington v. WMATA,*
    160 F.3d 750 (D.C. Cir. 1998)..................................................................16

## STATUTES

29 U.S.C. § 206(d) ...........................................................................................5

29 U.S.C. § 216(b) ...........................................................................................4

42 U.S.C. § 2000e *et seq.*.................................................................................3

42 U.S.C. § 2000e-5(f)(1) ............................................................................1, 12

## REGULATION

29 C.F.R. § 1601.7(b) ......................................................................2, 5, 16, 17, 20

**<u>RULE</u>**

D.C. Cir. R. 30(d) ........................................................................................3

# **GLOSSARY OF ABBREVIATIONS**

All acronyms or other unusual abbreviations used in this Brief of Appellee are defined in the Glossary in Appellant's Brief (at vii), except that this Brief also contains the following:

DCHRA:    District of Columbia Human Rights Act

DCOHR:    District of Columbia Office of Human Rights.

## COUNTERSTATEMENT OF THE ISSUES

1.      Whether the court below was correct in dismissing this action as statutorily time barred on the grounds that Plaintiff failed to file his Complaint within 90 days of the date of his right-to-sue letter and that Plaintiff was not entitled to equitable tolling because he failed to notify either the DCOHR or the EEOC of his new address, failed to make adequate arrangements for forwarding or other notice of mail received at his old address, and failed to provide the DCOHR and the EEOC with specific written directions to send all correspondence to his counsel?

2.      Whether the court below was correct in holding that providing the name and address of his counsel to the DCOHR and EEOC was not legally sufficient notice that he wanted the agencies to send copies of all correspondence to his counsel?

## TEXT OF PERTINENT STATUTES AND REGULATIONS

**A.**    *42 U.S.C. § 2000e-5(f)(1)*

. . .  If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, <u>the Commission</u>, or the Attorney General in a case involving a government, governmental agency, or political subdivision, <u>shall so notify the person aggrieved and within</u>

ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. . . .

**B.**   *29 C.F.R. § 1601.7(b)*

The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.

## COUNTERSTATEMENT OF THE CASE

**A.**   **Administrative Proceedings**

On or about May 11, 2012, Plaintiff filed a Charge of Discrimination (alleging only sex discrimination) with the District of Columbia Office of Human Rights ("DCOHR"). His Charge was simultaneously cross-filed with the Equal Employment Opportunity Commission ("EEOC"). (*See* **JA___-__**, Amended Complaint, ¶ 8.) Plaintiff voluntarily withdrew his Charge from the DCOHR after approximately eighty (80) days - on or about July 30, 2012. (*See* **JA___-__**, Def. SJ Ex. 8.) On November 26, 2012, the EEOC mailed a Notice-to-Sue letter to the District of Columbia address that Plaintiff had on file with the EEOC. (**JA___-__**, Def. SJ Ex. 10.)

On June 4, 2013, six and a half months after the date of the Notice-to-Sue letter, Plaintiff's counsel telephoned the EEOC to request a Notice-to-Sue letter

and, after that request was submitted in writing, the EEOC sent Plaintiff's counsel a copy of the Notice-to-Sue letter.  (*See* **JA___-__**, 10/10/2013 Memorandum Opinion, Ex. A hereto, at 3.)

## B.    **Proceedings Below**

On June 21, 2013, Plaintiff filed his initial Complaint in the Superior Court of the District of Columbia, seeking relief under the District of Columbia Human Rights Act (the "DCHRA") for alleged sex discrimination, wage discrimination based on sex, and retaliation arising from Plaintiff's employment and termination thereof by Defendant on or about December 23, 2011.  (**JA___**,[1] Complaint.)  On August 5, 2013, after service, Defendant filed in the Superior Court its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, based on Plaintiff's failure to timely file his claims.

The same day, August 5, 2013, Plaintiff filed his First Amended Complaint in Superior Court, which omitted any claim under the DCHRA and instead sought relief under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*., ("Title VII") for alleged sex discrimination and retaliation (**JA___-__**, Super. Ct.

---

[1]  Plaintiff-Appellant failed to file a Joint Appendix or to consult counsel for Defendant-Appellee about its contents, failed to file a Motion to Dispense with Appendix under Rule 30(d), and failed to file a Motion for Leave to File a Deferred Joint Appendix.  As a result, Defendant will be separately filing a Motion for Leave to File a Deferred Joint Appendix, as well as Final Briefs with "JA___" citations.  For the Court's convenience, copies of the Order and Memorandum Opinion appealed from are attached hereto as Addendum A.

Dkt. No. 4-1, ¶¶ ___-__), a well as relief under the Equal Pay Act, 29 U.S.C. § 216(b), arising from the fact that Defendant hired a female applicant at a higher salary for the position from which Plaintiff was terminated.  (*Id.*, ¶ 47.)  On August 8, 2013, Plaintiff refiled his Amended Complaint with a corrected corporate name of Defendant.

On August 15, 2013, Defendant removed the action to the federal court below.  (**JA___-__**, DDC Dkt. No. 1.)  The same day, August 15, 2013, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, Motion for Summary Judgment, again based on Plaintiff's failure to timely file his claims.  (**JA___-__**. DDC Dkt. No. 2.)   On August 29, 2013, Plaintiff filed his Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  (**JA___-__**, DDC Dkt. No. 5.)  On September 9, 2013, Defendant filed its Reply to Plaintiff's Opposition.  (**JA___-__**, DDC Dkt. No. 6.)

On October 10, 2013, the court below granted Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, holding that Plaintiff's action was time barred, and that the doctrine of equitable tolling did not apply to preserve Plaintiff's action.  (**JA___-__**, DDC Dkt. Nos. 8 & 9.)  As the trial court held:  (a)  the EEOC mailed a right-to-sue letter to Plaintiff's D.C. address on November 26, 2012, which presumptively was received there;

(b) Plaintiff failed to comply with the EEOC regulation requiring that persons claiming to be aggrieved are responsible for providing the agency "with notice of any change of address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge" (29 C.F.R. § 1601.7(b)); and (c) Plaintiff's listing of the name and address of his counsel on the EEOC intake form did not constitute written notice to the EEOC that it was required to serve copies of all correspondence upon Plaintiff's counsel.[2]

This appeal followed. (**JA___-__**, DDC Dkt. No. 10.) After notice of appeal, Plaintiff filed a Motion for Summary Reversal and Defendant filed a Motion for Summary Affirmance, both of which were denied.

## C.   Material Facts

As set forth in the Memorandum Opinion below (at 1-4), the relevant facts are as follows.

### 1.   The Nature of the Claim

Plaintiff Matthew Maggio, a male, worked at the Psychiatric Institute of Washington ("PIW") from July 20, 2009, until December 23, 2011. PIW hired Plaintiff as a Counselor making $38,000 per annum; promoted him to the position

---

[2] The court below also dismissed Plaintiff's retaliation claim for failure to exhaust administrative remedies, and dismissed his pay-discrimination claim for failure to state a cause of action under the Equal Pay Act, 29 U.S.C. § 206(d).

of Teacher and increased his salary to $42,000 per annum in or about October 2009; and promoted him to the position of School Director at a salary of $52,000 per annum in January 2010. (*See* **JA____**, Amended Complaint, ¶¶ 1-2.)

In order to be certified as a Teacher, a candidate must apply for a substitute teaching license from the District of Columbia Office of the State Superintendent of Education (the "OSSE"). While Plaintiff did not have his teaching license at the time of his promotion to Teacher, he allegedly applied for a teaching license in anticipation of the promotion to Teacher, and claims to have had complications with his application in early September 2009. Plaintiff claims that he visited the OSSE in November or December 2009 and obtained his initial teaching license, valid for two (2) years, which the OSSE reportedly backdated to September 21, 2009. Additionally, as a requirement for direct patient contact, Directors at PIW must obtain a Critical Crisis Management ("CCM") license. Plaintiff obtained that license during his orientation on July 20, 2009 from PIW and renewed it yearly.

Beginning on December 22, 2011, PIW was audited by the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO"). During the audit, JCAHO discovered that some PIW Directors were not current on their licenses. Defendant terminated Plaintiff on December 22, 2011, because Plaintiff had failed to provide PIW's Human Resources Department with evidence that he had started the application process to renew his teaching license. Plaintiff alleges

that he provided a letter and other information to Randy Keller, PIW's Director of Human Resources, in August and September 2011, stating that he had applied to the OSSE for his teaching license renewal and that there was a delay because Plaintiff failed to submit his fingerprints with his initial renewal application.

Plaintiff also alleges that, on August 24, 2011, he engaged in protected activity by filing a complaint with PIW's Human Resources Department, citing a hostile work environment due to alleged misconduct of Mr. Maggio's supervisor, Carol Desjeunes, who is PIW's Vice President and Chief Operating Officer.

## 2.      The Nature of the Administrative Proceedings

On May 11, 2012, Plaintiff filed a Charge of Discrimination with the DCOHR and cross-filed a copy of that charge with the EEOC.  (**JA___-__**, Amended Complaint, ¶ 7.)  On November 26, 2012, the EEOC mailed a Notice to Sue by regular mail to Maggio's permanent address on file:  3032 Rodman Street, N.W., Apartment 35, Washington, D.C.  20008.  Unbeknownst to the EEOC, however, Plaintiff claims that he vacated that residence on April 1, 2012 – prior to when he filed his Charge of Discrimination – and since then has resided at 809 Windemere Court, Conway, South Carolina.  The Amended Complaint states that Plaintiff moved to South Carolina to be with his family and his mother, as she was ill.  Plaintiff never notified the EEOC of his address in South Carolina or of any change of address, nor did he take any other steps to ensure that EEOC

7

correspondence sent to the Rodman Street address would reach him promptly.  As a result, Plaintiff alleges that he never received the Notice to Sue sent by U.S. regular mail on November 26, 2012.  At that time, a copy of the Notice to Sue was not sent to Plaintiff's counsel.

On June 4, 2013, Plaintiff's counsel telephoned the EEOC to request a Notice to Sue.  The EEOC instructed Plaintiff's counsel to send a written request via facsimile, which counsel did the same day.  On June 14, 2013, Plaintiff's counsel again telephoned the EEOC to check on the status of the Notice to Sue.  David Gonzalez, the State and Local Coordinator of the Washington, DC field office of the EEOC, sent Plaintiff's counsel an e-mail on June 17, 2013, requesting a formal letter of representation.  Upon receipt of the letter, Gonzalez e-mailed Plaintiff's counsel the Notice to Sue on June 17, 2013.  At that time, Gonzalez informed Plaintiff's counsel that the EEOC did not have Plaintiff's current address on file because they were unaware of Plaintiff's change of address, that the EEOC was unaware of his representation by counsel, and that Gonzalez "regret[ted] any inconvenience." (**JA___-__**, Pl. SJ Opp. Ex. 1.)

Plaintiff filed suit four days later, on June 21, 2013, more than six (6) months after the date of the EEOC's Notice to of Right to Sue letter.

### D.   <u>The Ruling Below</u>

In light of the undisputed material facts – either as set forth in the Amended

Complaint or the administrative record, or both – the court below granted

Defendant's Motion to Dismiss, Or in the Alternative, Motion for Summary

Judgment.  In holding that Plaintiff's action was statutorily time barred, the trial

court stated as follows (**JA___-__**, 10/10/2013 Memorandum Order, at 4-6, 2013

U.S. Dist. LEXIS 146584 (D.D.C. Oct. 10, 2013) (case citations omitted):[3]

> "Title VII requires that a person complaining of a violation file
> an administrative charge with the EEOC and allow the agency time to
> act on the charge." . . .  Once the EEOC notifies the complainant of its
> decision to dismiss the charge or its inability to bring a civil action
> within the requisite 90-day time period, then the complainant can
> bring a civil action himself. . . .  42 U.S.C. § 2000e-5(f)(1).  The
> statutory 90-day window for the commencement of an employment
> discrimination suit following the receipt of a notice-to-sue letter from
> the EEOC is strictly construed and is a precondition to filing suit in
> district court.  42 U.S.C. § 2000e-5(f)(1) . . . .  "The rule is well settled
> that proof that a letter properly directed was placed in a post office
> creates a presumption that it reached its destination in usual time and
> was actually received by the person to whom it was addressed." . . .
> Thus the mailbox rule functions as a presumption of receipt, and only
> comes into play when there is a material question as to whether the
> document was actually received. . . .  Both sides agree in this case that
> the EEOC sent a Notice to Sue letter to Maggio at his DC address on
> November 26, 2012.  While there is no evidence that the EEOC sent
> the letter to Maggio through certified mail, there seems to be
> sufficient – as it is undisputed – evidence that the letter was, in fact,
> mailed.  Here, the issue was that Maggio no longer lived at the
> permanent address that he provided to the EEOC.  In this vein,
> Maggio argues for equitable tolling.
>
> Equitable tolling is reserved for rare circumstances where it
> would be unconscionable to enforce the limitations period because of
> events beyond the plaintiff's control or through no fault of his
> own. . . .  This is not the case at hand.  While the Court understands

---

[3] Emphasis added herein unless otherwise noted.

that family obligations arise, <u>Maggio was aware that he had an action pending with the EEOC. Further, he had a statutory obligation requiring him to notify the EEOC of any change in address</u>: "The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change of address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7(b).

Here, Maggio failed to comply with the EEOC regulation and failed to exercise diligence in this matter. The Court takes notice of the fact that Maggio's counsel was listed on the form cross[-]filed with the DCOHR and the EEOC, but at no time did Maggio direct these agencies to solely communication – or even dually communicate – with his counsel. . . . <u>Simply listing counsel on a form did not excuse Maggio's statutory obligation and his failure to exercise diligence in a matter that he brought before the agencies.</u> As such, equitable tolling is not appropriate in this case, and Counts I and III are dismissed for lack of timeliness.

On appeal, this is the only ruling that Plaintiff challenges[4] and, as shown below, the appeal is without merit.

## SUMMARY OF ARGUMENT

On June 21, 2013, Plaintiff filed this civil action long after expiration of the applicable 90-day limitation period that started running on November 26, 2012, when the EEOC sent Plaintiff a Notice-to-Sue letter. Plaintiff therefore is time barred from pursuing his claims under Title VII. Plaintiff's failure to receive the Notice-to-Sue letter promptly resulted from Plaintiff's failure to notify the EEOC of his April 2012 actual address and/or change of address and his failure to give the

---

[4] *See* note 2, *supra*.

10

EEOC written directions to communicate directly with Plaintiff's counsel. Plaintiff therefore is not entitled to relief under the doctrine of equitable tolling, because the events here were not beyond his control and not without his own fault, and instead occurred because of Plaintiff's own failure to meet his statutory obligations about change of address and asking the EEOC to directly contact his counsel.

## ARGUMENT

Appellate review of dismissal and summary judgment rulings is *de novo*. *Ikossi v. Department of the Navy*, 516 F.3d 1037, 1040 (D.C. Cir. 2008); *Threadgill v. Moore U.S.A.*, *Inc.*, 269 F.3d 848, 849 (7th Cir. 2001); *Artis v. Greenspan*, 158 F.3d 1301, 1306 (D.C. Cir. 1998).

**A.     Plaintiff's Claims under Title VII Are Time Barred Because He Did Not File Suit Within 90 Days of the Notice of Right to Sue.**

"Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." (*See* **JA___-__**, Opinion, at 4, Addendum A hereto, citing *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995)).  Once the EEOC notifies the complainant of its decision to dismiss the charge or its inability to bring a civil action, then the complainant can bring a civil action himself.  *Id.*, citing 42 U.S.C. § 2000e-5(f)(1).  That triggering notification occurred on November 26, 2012, when the EEOC mailed a Notice of Right to Sue letter to Plaintiff Maggio at the

11

District of Columbia address he entered in his Claim intake form.

"A Title VII action in court, Congress has directed, is to be commenced within ninety days after obtaining notice of right to sue from the EEOC." *Dougherty v. Barry*, 869 F.2d 605, 609 (D.C. Cir. 1989), citing 42 U.S.C. § 2000e-5(f)(1); *accord*, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50 (1984) (*per curiam*); *In re Lenoir*, 585 A.2d 771, 779 (D.C. 1991) (*per curiam*) (complaining party has 90 days to file suit after receiving a "Notice of Right to Sue" from the EEOC); *Savoy v. VMT Long Term Care Management Co.*, 522 F. Supp. 2d 211, 212-13 (D.D.C. 2007) (same). A complaint filed outside the ninety-day period is subject to dismissal with prejudice. *See Ikossi*, 516 F.3d at 1044 (affirming dismissal of Title VII claims filed outside of the 90-day period) (*citing Colbert v. Potter*, 471 F.3d 158, 164-65 (D.C. Cir. 2006)); *Savoy*, 522 F. Supp. 2d at 212-13 (dismissing claim filed 102 days after date of EEOC letter).

Plaintiff here got off to a very bad start regarding his contact information, by entering on his May 2012 DCOHR intake form a District of Columbia address at which he was no longer living, and by failing to apprise the DCOHR or the EEOC that he actually was residing with his parents in Conway, South Carolina. Thereafter, Plaintiff continued to run the risk of not receiving prompt contact, by failing to submit any notice of his presence at the South Carolina address, either permanently or temporarily.

12

It is undisputed that, on November 26, 2012, the EEOC mailed Plaintiff a Notice-to-Sue letter directed to the District of Columbia address he entered on his Claim intake form.  "The rule is will settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."  *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884).)  Thus, the mailbox rule functions as a presumption of receipt, and only comes into play when there is a material question as to whether the document actually was received.  *Custer v. Murphy Oil Co.*, 503 F.3d 415, 419 (5th Cir. 2007).  As the court below noted, "[b]oth sides in this case agree that the EEOC sent a Notice to Sue letter to [Plaintiff] at his D.C. address on November 26, 2012."  Unfortunately, Plaintiff no longer resided at that address and apparently had not made appropriate arrangements to make sure that any mail sent to him there was promptly forwarded or brought to his attention.

In attempting to shift blame to the EEOC, Plaintiff's Brief relies on the fact that Plaintiff listed the name and address of his counsel on the DCOHR/EEOC charge intake form, and asserting that it was the EEOC's responsibility to figure out that Plaintiff wanted the agency handling his Claim to send copies of all correspondence to his counsel.  Moreover, Plaintiff ignores the fact that he <u>did not</u>

13

expressly ask or direct the agencies to communicate directly with his counsel, either exclusively or even in addition to contacting Plaintiff directly.

Not surprisingly, Plaintiff has not cited any case law for the proposition that such agencies are required to communicate with an aggrieved party's counsel, at least absent an express request for them to do so. Instead, Plaintiff's Brief (at 15) relies on the argument that the EEOC had notice of everything he communicated to the DCOHR, in reliance on the terms of a so-called "work share" agreement between the two agencies.[5] However, while the work-share agreement makes one entity the agent of the other for certain purposes, such as "receiving and drafting charges," it does not designate either entity as the other entity's agent for purposes of receiving change-of-address information or instructions to communicate directly with a complaining party's counsel.[6] Moreover, Plaintiff's Brief fails to point to

---

[5] The two cases Plaintiff cites in this regard are inapposite, because neither one involves notice to government agencies. *See id*., citing *Buchanan v. Reliance Ins. Co.*, 475 F.3d 508, 513 (3d Cir. 2007) (discussing agency duties among banking organizations), *Martin Marietta Corp. v. Gould, Inc.*, 70 F.3d 768, 773 n.4 (4th Cir. 1995) (discussing whether to impute the knowledge acquired by employees of one company to another company that acquired the first company, for purposes of a statute-of-limitations defense).

[6] In opposing summary affirmance in this regard, Plaintiff relied upon *Schuler v. Pricewaterhousecoopers*, *LLP*, 514 F.3d 1365 (D.C. Cir. 2008) for the proposition that "both agencies are immediately placed on notice of the charge *and any and all other subsequent communications*." (*See* Cir. Ct. Dkt. No. 1473325, p. 9.). However, the *Schuler* court addressed whether a Charge filed with the EEOC in New York was simultaneously deemed cross-filed with the DCOHR pursuant to the work-sharing agreement. In fact, *Schuler* did not address subsequent communications with the agencies, if any; did not involve any wrong-address or

any effort on Plaintiff's part to request or instruct the agencies to communicate directly with his counsel.

In the instant case, Plaintiff admits that he did not file the Complaint within ninety days from November 26, 2012, the date on which the EEOC issued its "Right to Sue" letter. (*See* **JA___-__**, Amended Complaint, ¶ 9.) Indeed, Plaintiff did not file his claims under Title VII until approximately 207 days after his ninety-day right-to-sue window had expired. Therefore, Plaintiff's action was untimely as a matter of law, unless he is entitled to equitable tolling.

**B. The Doctrine of Equitable Tolling Cannot Properly Be Applied to Resurrect Plaintiff's Title VII Claims, Because Plaintiff Failed to Give the EEOC a Proper Current Address or Direct the EEOC to Communicate Directly with His Counsel.**

Plaintiff asserts that he should be deemed to have timely filed the Complaint with the District of Columbia Superior Court in June 2013, on the theory that he did not receive the EEOC's November 26, 2012 Notice-to-Sue letter because he had changed his residence. (*See* **JA___-__**, Amended Complaint, ¶ 8.) That assertion is not only unavailing, but also fatal to Plaintiff's reliance on the doctrine of equitable tolling, for the reasons set forth below.

The doctrine of equitable tolling is reserved for those "rare circumstances" where it would be unconscionable to enforce the statutory limitations period

---

change-of-address issue, and did not involve any party claiming to have notified either agency that all communications be directed or copied to counsel.

because of "events beyond [the plaintiff's] control" or through "no fault of his own." *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982); *accord*, *Washington v. WMATA*, 160 F.3d 750, 753 (D.C. Cir. 1998) (court's equitable power to toll the statue of limitations will be exercised "only in extraordinary and carefully circumscribed instances," not what is at best a "garden variety claim of excusable neglect"). Here, specifically, Plaintiff had the statutory burden of apprising the EEOC of his residence address, because it is not the EEOC's burden to "keep tabs" on Plaintiff. *See* 29 C.F.R. § 1601.7(b) ("The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address . . . ."); *Hunter v. Stephenson Roofing*, *Inc.*, 790 F.2d 472, 474 (6th Cir. 1986) (burden on claimant to comply with the affirmative duty to notify the EEOC of any change in mailing address [29 C.F.R. § 1601.7(b) (1981)] is "minimal one and reasonable"); *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-1317 (7th Cir. 1984) ("The regulation 29 CFR 1601.7(b) makes mandatory that which was dictated already by common sense . . . . The burden of providing the EEOC with changes of address is minimal.").

When Plaintiff filed his Charge of Discrimination with the DCOHR and EEOC, including his affidavit in support thereof in May 2012, he listed his current address as 3032 Rodman Street, N.W. Apartment 35, Washington, D.C.  (*See* Def.

SJ Ex. 4.)  However, according to the Amended Complaint, that address was already inaccurate when he provided it to the EEOC, because by then Plaintiff already was residing in South Carolina.[7]  (*See* Amended Complaint, ¶ 9.)  Thus, at the outset, Plaintiff provided inaccurate (if not false) address information with his Charge of Discrimination.  Furthermore, there is no evidence that Plaintiff made any arrangements with the post office or others at his Rodman Street address to forward mail to him or notify him of its arrival.

Nevertheless, despite having effectively thwarted the EEOC's ability to provide timely notice to him, Plaintiff now expects to be given more time than allowed by statute for timely filing his claims under Title VII.  As the court below correctly held, the law should not condone Plaintiff's non-diligent actions in failing to give the EEOC his actual address and/or his change of address as required by the applicable regulations.  (*See* 29 C.F.R. § 1601.7(b).)

Plaintiff acknowledges he did not file this lawsuit within the 90-day limitation period that began on November 26, 2012, as provided in the EEOC's Notice-to-Sue letter, but effectively asks that the limitations period be extended for him because he claims he did not actually receive the letter.[8]  Plaintiff's position

---

[7] Plaintiff specifically alleges in his Amended Complaint that he was living at 809 Windemere Court, Conway, South Carolina as of April 2, 2012.  His Charge of Discrimination, as filed on May 11, 2012, lists his address as 3032 Rodman Street, N.W. #35, Washington D.C. 20008.

[8] Plaintiff seeks to excuse his own neglect by relying on alleged representations

17

has been rejected consistently by courts that have addressed this issue. *See Hunter*, 790 F.2d at 474 ("Our holding is that plaintiff did not receive EEOC notice promptly because he did not notify the EEOC of a change of address and that he may not therefore claim that this ninety day time period is equitably tolled."); *St. Louis*, 744 F.2d at 1317 (Plaintiff's failure to tell the EEOC that he moved was not an event that was beyond his control, and accordingly, the 90-day limit began to run on the date the notice was delivered to the most recent address on file); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) (equitable tolling did not apply when plaintiff moved addresses and did not notify EEOC, and "*the fact that [plaintiff] relied on EEOC to send copies of correspondence to her attorney does not distinguish her case*").[9]

A similar case is *Dyson v. District of Columbia*, 710 F.3d 415 (D.C. Cir., February 5, 2013), which involved tardiness in filing a Charge of Discrimination, rather than tardiness in filing suit. Specifically, in *Dyson*, the plaintiff waited 216

---

from a "Mr. Gonzalez" at the EEOC. Such reliance is misplaced, however, because the EEOC does not have the power to reissue a Notice of Right to Sue letter more than ninety days after the original letter has been posted. *See Dougherty*, 869 F.2d at 610-11 (citing cases including *Lute v. Singer Co.*, 678 F.2d 844, 846 (9th Cir. 1982), *as modified by id.*, 696 F.2d 1266 (9th Cir. 1983)).

[9] *Accord*, *Fields v. Hoerner Waldorf Corp.*, 1980 U.S. Dist. LEXIS 16817, at *3-*4 (N.D. Ala. Dec. 1, 1980); *Epstein v. Armstrong Cork Co.*, 1979 U.S. Dist. LEXIS 9159, at *1-*3 (D. Mass. Oct. 15, 1979).

days to file an Intake Questionnaire with the EEOC, and then waited beyond the

300-day limitation period to actually file her Discrimination Charge.  The district

court dismissed the plaintiff's Title VII claims as untimely, and found that the

circumstances did not warrant equitable tolling because most of the delay was

attributed to the plaintiff.  *Id.* at 418-419.  This Court affirmed, noting first the

applicable rule of law (*id.* at 421):

> A "petitioner is entitled to equitable tolling only if [s]he shows
> (1) that she has been pursuing her rights diligently, and (2) that some
> extraordinary circumstance stood in her way to prevent timely filing."
> . . . <u>This is a weighty burden.</u>  We will toll a filing deadline only in
> extraordinary and carefully circumscribed instances.

*Dyson*, 710 F.3d at 421 (internal citations omitted); *accord*, *Smith-Haynie v.*

*District of Columbia*, 155 F.3d 575, 578-80 (D.C. Cir. 1998).  In finding that

equitable tolling did not apply, the *Dyson* court acknowledged several times that

plaintiff failed to communicate or contact the EEOC to inquire about the Charge.

*See if.*, 710 F.3d at 422 ("…Appellant bears full responsibility both for her extreme

delay in filing her Intake Questionnaire with the EEOC and for her failure to

investigate the progress of her claim at the EEOC . . . she was complicit in the

delay and never bothered to call the EEOC to inquire about her Charge.").  In

*Dyson*, this Court affirmed dismissal of plaintiff's complaint because the filing was

untimely and plaintiff was not entitled to equitable tolling.

     In the instant case, as in *Dyson*, Plaintiff gave the EEOC the wrong address,

and then failed to contact the EEOC regarding progress with the claim after his withdrawal of the DCOHR claim.  Plaintiff's error, neglect, and lack of diligence in the present case is glaring – especially insofar as he had an affirmative duty to provide a correct address and contact the EEOC with regard to same. *See* 29 C.F.R. § 1601.7(b).  Additionally, around the time that Plaintiff withdrew his Charge from DCOHR – that is, during the period between July 20 and July 30, 2012 – his counsel was specifically advised to contact the EEOC regarding the Notice to Sue letter. (*See* JA___-__, Docket No. 2, Ex. 5 & 6.)  There is no indication or assertion that Plaintiff or his counsel contacted the EEOC until nearly a year later, on June 4, 2013. (*See* Docket No. 5, p. 11.)  Therefore, like the plaintiff in *Dyson*, Plaintiff here was complicit in the delay and equitable tolling cannot properly apply.  Therefore, just as in *Dyson*, this Court should affirm the decision of the court below to dismiss this untimely action.

The cases Plaintiff's Brief relies on in support of his equitable-tolling argument are all inapposite, because  (a)  he never provided the EEOC with an appropriate current address and  (b)  he never directed the EEOC to communicate directly with his counsel.  In *Coleman v. Talbot County Detention Center*, 242 Fed. Appx. 72, 73-74 (4th Cir. 2007), the court held that equitable tolling was appropriate because the EEOC failed to communicate with the plaintiff's counsel after his counsel "explicitly requested [to the EEOC] that copies of all

20

correspondence be forwarded to him."  Similarly, in *Ryczek v. Guest Services*, *Inc.*, 877 F. Supp. 754, 757 (D.D.C. 1995), the plaintiff's counsel had sent the EEOC a letter stating that all correspondence should be sent to counsel, but the EEOC disregarded that letter and then sent its right-to-sue letter to the plaintiff's temporary school address rather than the permanent address on file.  Here, in contrast, neither Plaintiff nor his counsel here made any such request to direct correspondence to counsel.

Notably, *Coleman* was distinguished in *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 799 (E.D. Va. 2007):

> This case also differs from *Coleman* in that the plaintiff's counsel in *Coleman* followed an unanswered letter to the EEOC requesting a Notice of Right to Sue with a phone call to the EEOC less than a month later.   By contrast, [p]laintiff here waited more than nine months after receiving no response to the October 27, 2005 letter, and four months after receiving no response to the August 9, 2006 letter, to re-contact the EEOC.  Given this significant delay, equitable tolling is not justified.

While Plaintiff here relies heavily on *Coleman* and argues that there is no specific number of days available for a party to request a  Right to Sue letter, at least one court (in the same Circuit as *Coleman*) held that waiting nine months to contact the EEOC is a delay significant enough to justify not applying equitable tolling.  Here, Appellant waited ten months.  *Also see Bell v. United States*, 880 F. Supp. 2d 24, 28 (D.D.C. 2012) (summary judgment granted when plaintiff filed suit after the applicable 90-day period, noting that "plaintiff failed to show that she acted with

sufficient diligence to invoke the principles of equitable tolling.  Plaintiff does not claim that she made any efforts to contact the EEOC . . . .").

Plaintiff's Brief (at 19) also errs in relying on *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-51 (7th Cir. 2001), where the court held that equitable tolling was not triggered by the EEOC's failure to send a copy of its right-to-sue letter to the plaintiff's counsel, as counsel had requested in writing, because the EEOC instead had sent the letter to the plaintiff, who failed to forward it to his counsel or report its receipt to counsel.  That is, the *Threadgill* court held that statutory notice to <u>either</u> the claimant <u>or</u> his counsel was sufficient to cause the ninety-day period to run, and that the failure to timely file suit was solely attributable to the plaintiff's lack of due diligence.[10]  *See id.*

In short, it was the Plaintiff's failure to adhere to regulations that led to him (purportedly) not receiving the letter.  *See Baldwin County Welcome Center*, 466 U.S. at 151-52 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. . . .  Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").  In light of the record in this matter, Plaintiff's proffered excuse is insufficient to extend the applicable

---

[10] *Accord*, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1311-14 (7th Cir. 1984); *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (*per curiam*).

limitations period under the equitable-tolling doctrine, and the Title VII claims as set forth in his Amended Complaint should be dismissed as time barred.

## **CONCLUSION**

The record in this matter clearly shows that Plaintiff failed to file his claims under Title VII within 90 days from the EEOC's Notice-of-Right-to-Sue letter. While Plaintiff's failure to timely file suit may have been impacted by the stale address to which the EEOC sent the Notice of Rights letter – it was Plaintiff's obligation to provide the EEOC with an accurate and updated address. Plaintiff failed to do so, and his failure to timely file this action is not excused by the fact that the EEOC mailed the Notice-of-Right-to-Sue letter to the address Plaintiff had provided. For each and all of the foregoing reasons, the trial court correctly dismissed Plaintiff's action with prejudice.

WHEREFORE, Defendant respectfully asks that this Court affirm the dismissal judgment below in its entirety.

Dated:  June 26, 2014.

Respectfully submitted,

WISCONSIN AVENUE PSYCHIATIC
CENTER, INC.

By Counsel

BONNER, KIERNAN, TREBACH &
 CROCIATA, LLP

_____/s/  Alan S. Block_____
Alan S. Block #431010
Andrew Butz #933473
1233 20th St., N.W., Suite 800
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
ablock@bonnerkiernan.com
abutz@bonnerkiernan.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*6,095*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>June 26, 2014          </u>      <u>/s/ Alan S. Block          </u>
                                               *Counsel for Appellee*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 26th day of June, 2014, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Arinderjit Dhali, Esq.
> Dʜᴀʟɪ PLLC
> 1629 K Street, N.W., Suite 300
> Washington, D.C.  20001
>  (202) 556-1285
> ajdhali@dhalilaw.com

> *Attorney for Plaintiff – Appellant*

I further certify that on this 26th day of June, 2014, I caused the required copies of the Brief of Appellee to be hand filed with the Clerk of the Court.

/s/ Alan S. Block_____
*Counsel for Appellee*

# **ADDENDUM**

# <u>ADDENDUM TABLE OF CONTENTS</u>

<u>**Addendum Page**</u>

Order of
The District Court of Columbia
Re:  Dismissing Case with Prejudice
        filed October 10, 2013 ............................................................................Add. 1


Memorandum Opinion of
The District Court of Columbia
Re:  Granting Defendant's Motion to Dismiss
        filed October 10, 2013 ..........................................................................Add. 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MATTHEW MAGGIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-01255 (RCL) |
| | ) | |
| WISCONSIN AVENUE PSYCHIATRIC | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of defendant's motion to dismiss, defendant's motion for summary judgment, the opposition and reply thereto, and the record herein, it is hereby

ORDERED for the reasons stated in an accompanying Memorandum Opinion, that defendant's motion to dismiss is GRANTED. Plaintiff's sex discrimination and retaliation claims are untimely and time-barred as he failed to keep the EEOC apprised of his current address, as required under 29 C.F.R. § 1601.7(b). Because of plaintiff's failure to exercise due diligence, equitable tolling is not appropriate. Further, plaintiff failed to exhaust his administrative remedies for his retaliation claim. This case shall stand DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Signed by Royce C. Lamberth, U.S. District Judge, on October 10, 2013.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATTHEW MAGGIO, | ) |
| **Plaintiff** | ) ) ) |
| v. | ) Civil No. 1:13-CV-01255 (RCL) |
| WISCONSIN AVENUE PSYCHIATRIC CENTER, INC., | ) ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM OPINION

Before the Court is the defendant's motion to dismiss, or alternatively, the defendant's motion for summary judgment on plaintiff's Matthew Maggio's compliant brought pursuant to the D.C. Human Rights Act (DCHRA), Title VII 42 U.S.C. § 2000, and the Equal Pay Act (EPA), 29 U.S.C. § 206(d). Maggio filed a complaint alleging sex discrimination, retaliation, and a claim under the Equal Pay Act. For the reasons stated below, defendant's motion to dismiss will be GRANTED.

## I.    BACKGROUND

The relevant facts are as follows: Matthew Maggio, a male, worked at the Psychiatric Institute of Washington ("PIW") from July 20, 2009 until December 23, 2011 when PIW terminated his employment for allegedly lacking a valid license. PIW hired Maggio as a Counselor making $38,000 per annum. In October or November 2009, PIW promoted Maggio to the position of Teacher and increased his salary to $42,000 per annum. In January 2010, PIW promoted Maggio to the role of School Director, bringing up his salary to $52,000 per annum.

1

In order to be certified as a Teacher, a candidate must apply for a substitute teaching license from the District of Columbia Office of the State Superintendent of Education ("OSSE"). At the time of Maggio's promotion to Teacher, Maggio did not have his teaching license. Maggio applied for a teaching license, and claims to have had complications with his application in early September 2009.  Maggio alleges that he visited OSSE in November or December 2009 at which point he obtained his teaching license, which OSSE backdated to September 21, 2009; it was valid for two years.  Additionally, as a requirement for direct patient contact, Directors must obtain a Critical Crisis Management ("CCM") license.  Maggio obtained this license during his orientation on July 20, 2009 from PIW, and renewed it yearly.

On August 24, 2011, Maggio alleges that he engaged in protected activity by filing a complaint with PIW Human Resources, citing a hostile work environment due to Carol Dejunes, Vice President and Chief Operating Officer of PIW, and Maggio's primary supervisor.

On December 22 and 23, 2011, PIW was audited by the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO").  During the audit, JCAHO discovered that some PIW Directors were not current on their licenses.  Maggio was terminated on December 22, 2011 by PIW, allegedly due to a lack of documentation provided to the PIW Human Resources Department by Maggio proving that he started the application process to renew his license.  Maggio alleges that he provided a letter and information to Randy Keller, Director of PIW Human Resources, in August and September 2011 stating that he had applied for his teaching license renewal with OSSE and that there was a delay in the renewal due to Maggio not submitting his fingerprints with his initial renewal application.

Maggio first filed a charge of discrimination with the D.C. Office of Human Rights ("DCOHR") on May 11, 2012 and cross filed a copy of the charge with the Equal Employment

Opportunity Commission ("EEOC"). Several months later on November 26, 2012 the EEOC mailed a Notice to Sue by regular U.S. mail to Maggio's permanent address on file: 3032 Rodman Street N.W., Apartment 35, Washington, D.C. 20008. Unbeknownst to the EEOC, Maggio claims he vacated that residence on April 1, 2012, and then resided at 809 Windemere Court, Conway, South Carolina from April 2, 2012 to the present. Maggio stated in his Amended Complaint that he moved to South Carolina to be with his family and his mother, as she was ill. As a result, Maggio claims that he never received the Notice to Sue sent by U.S. regular mail on November 26, 2012. At this time, a copy of the Notice to Sue was not sent to Maggio's counsel.

On June 4, 2013, Maggio's counsel telephoned the EEOC to request a Notice to Sue. The EECO instructed Maggio's counsel to send a written request via facsimile, which counsel satisfied that same day. On June 14, 2013, Maggio's counsel again telephoned the EEOC to check on the status of the Notice to Sue. David Gonzalez, the State and Local Coordinator of the Washington, DC EEOC field office, sent counsel an email on June 17, 2013 requesting a formal letter of representation. Upon receipt of the letter, Gonzalez emailed Maggio's counsel the Notice to Sue on June 17, 2013. Gonzalez informed counsel that the EEOC did not have Maggio's current address on file as they were unaware of Maggio's move, they were unaware of his representation by counsel, and he "regret[ed] any inconvenience." Exhibit 1, Pl. Opp. to Def. Motion, Doc. [5].

Five days later on June 21, 2013, Maggio filed his complaint with the D.C. Superior Court. Maggio's initial Complaint sought relief under the District of Columbia Human Rights Act ("DCHRA") for alleged sex discrimination, wage discrimination based on sex, and retaliation arising from Maggio's employment and termination by defendant. Maggio filed an

Add. 4

Amended Complaint on August 5, 2013, which omits any claim under the DCHRA and instead

seeks relief under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, ("Title

VII") for alleged sex discrimination and retaliation, and seeks relief under the Equal Pay Act, 29

U.S.C. § 216(b). Maggio had to refile the Amended Complaint on August 8, 2013 to correct the

name of the corporate defendant. In response to the initial Complaint, defendant, PIW, filed its

Motion to Dismiss, or in the Alternative, Motion for Summary Judgment based on Maggio's

failure to timely file his claims.

## II.     DISCUSSION

### A. Motion to Dismiss

#### 1.  Counts I and III are Time-Barred and Untimely

"Title VII requires that a person complaining of a violation file an administrative charge

with the EEOC and allow the agency time to act on the charge." *Park v. Howard University*, 71

F.3d 904, 907 (D.C. Cir. 1995). Once the EEOC notifies the complainant of its decision to

dismiss the charge or its inability to bring a civil action within the requisite 90-day time period,

then the complainant can bring a civil action himself. *Id.*; 42 U.S.C. § 2000e-5(f)(1). The

statutory 90-day window for the commencement of an employment discrimination suit following

the receipt of a notice-to-sue from the EEOC is strictly construed and is a precondition to filing

suit in district court. 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466

U.S. 147, 149-50 (1984). "The rule is well settled that proof that a letter properly directed was

placed in a post office creates a presumption that it reached its destination in usual time and was

actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S.

427, 430 (1932) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). Thus the mailbox rule

functions as a presumption of receipt, and only comes into play when there is a material question

as to whether the document was actually received. *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007). Both sides in this case agree that the EEOC sent a Notice to Sue letter to Maggio at his DC address on November 26, 2012. While there is no evidence that the EEOC sent the letter to Maggio through certified mail, there seems to be sufficient—as it is undisputed—evidence that the letter was, in fact, mailed. Here, the issue was that Maggio no longer lived at the permanent address that he provided to the EEOC. In this vein, Maggio argues for equitable tolling.

Equitable tolling is reserved for rare circumstances where it would be unconscionable to enforce the limitations period because of events beyond the plaintiff's control or through no fault of his own. *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982). This is not the case at hand. While the Court understands that family obligations arise, Maggio was aware that he had an action pending with the EEOC. Further, he had a statutory obligation requiring him to notify the EEOC of any change in address: "The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7(b).

Here, Maggio failed to comply with the EEOC regulation and failed to exercise diligence in this matter. The Court takes notice of the fact that Maggio's counsel was listed on the form cross filed with the DCOHR and the EEOC, but at no time did Maggio direct these agencies to solely communicate—or even dually communicate—with his counsel. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); *Coleman v. Talbot County Detention Ctr.*, 242 Fed. Appx. 72, 73 (4th Cir. 2007); *Ryczek v. Guest Serv., Inc.*, 877 F. Supp. 754 (D.D.C. 1995). Simply listing counsel on a form did not excuse Maggio's statutory obligation and his failure to

Add. 6

exercise diligence in a matter that he brought before the agencies. As such, equitable tolling is not appropriate in this case, and Counts I and III are dismissed for lack of timeliness.

### 2. Retaliation – Failure to Exhaust Administrative Remedies

"A Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park*, 71 F.3d at 907 (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). "At a minimum, the Title VII claims must arise from 'the administrative investigation that can *reasonably* be expected to follow the charge of discrimination,'" even if only an EEOC-issued right-to-sue letter in fact follows the charge in place of an investigation. *Park*, 71 F.3d at 907 (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (emphasis added)). By insisting on the administrative charge requirement, courts ensure that a charged party has notice of the claim and that narrow issues come before the court for adjudication and decision. *Id.* Courts should not construe this requirement to place a "heavy technical burden on individuals untrained in negotiating procedural labyrinths;" however, liberal interpretation of an administrative charge cannot allow a litigant to bypass the Title VII administrative process. *Id.* (quoting *Loe v. Heckler*, 768 F.2d 409, 417 (D.C. Cir. 1985) (quotations omitted)).

Maggio does not dispute that Title VII complainants must exhaust administrative remedies before filing their claims in court; however, Maggio argues that his retaliation claim is like or related to his discrimination charge. Pl. Opp. to Def. Motion, Doc. [5], 13. Similar to the situation in *Park* where the plaintiff failed to mention the words or offer factual allegations that would express or even hint of the later claim, however, Maggio's Charge failed to mention the word "retaliation" or set forth facts to support such a claim in the administrative phase of his

6

Charge. *Park*, 71 F.3d at 907.  In fact, Maggio did not even check the box for "retaliation" on the EEOC form when he filed the Charge, which would have provided PIW with notice of the allegation.  Exhibit 4, SOMF ¶ 5, Def. Motion, Doc. [1-2].  "[T]he goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Rush v. McDonald's Corp.*, 96 F.2d 1104, 1110 (7th Cir. 1992).  Thus, Maggio's retaliation claim is dismissed with prejudice and barred due to his failure to exhaust his administrative remedies for such a claim at the EEOC.

### 3.  Count II of Plaintiff's First Amended Complaint is Dismissed

Defendant alleges that Maggio's claim under the Equal Pay Act, Count II of Plaintiff's First Amended Complaint, should be dismissed as there is no cause of action under the EPA. Def. Reply to Pl. Opp., Doc. [6], 12.  Maggio conceded no cause of action exists under the EPA, and as such, Count II of Plaintiff's First Amended Complaint is dismissed with prejudice. Pl. Opp. to Def. Motion, Doc. [5], 6.

For these reasons, the Court holds that Maggio failed to timely file his suit in court and all claims in Maggio's Amended Complaint are dismissed with prejudice.  As such, Maggio's requested relief is denied, and defendant's motion to dismiss is granted.

A separate Order consistent with this Memorandum Opinion shall issue this date.

7