NOT YET SCHEDUELD FOR ORAL ARGUMENT

Circuit Case No. 13-7181

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Matthew Maggio** | ) |
| **Plaintiff-Appellant** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **Wisconsin Avenue** | ) |
| **Psychiatric Center Inc.** | ) |
| **Defendant-Appellee** | ) |
| | ) |

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
District Court No: 1:13-cv-01255
(The Honorable Royce C. Lamberth, Judge)

-----------------------------------------------
**AMENDED[1] REPLY BRIEF OF PLAINTIFF-APPELLANT**
-----------------------------------------------
**FINAL BRIEF**

Arinderjit (A.J) Dhali
Bar No. 54848
Dhali PLLC. 1629 K. Street. NW. Suite 300
Washington D.C. 20006
T : (202) 556-1285. F:  (202) 351-0518
Email: ajdhali@dhalilaw.com
*Counsel for Plaintiff-Appellant.*
July 30, 2014

---

[1] When we first filed the Reply on July 9, 2014, we were informed by the Clerk of the Court that we did not include a "Summary of Argument" section in the Reply. We are therefore filing an Amended Reply, with the "Summary of Argument" section.

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Matthew Maggio** | ) |
|     **Plaintiff-Appellant** | ) |
| | ) |
|     **vs.** | ) |
| | ) |
| **Wisconsin Avenue** | ) |
| **Psychiatric Center Inc.** | ) |
|     **Defendant-Appellee** | ) |
| _____ | ) |

## TABLE OF CONTENTS

Table of Authorities…………………………………………………………….....iii

Glossary of Abbreviations……………………………………………………….iv

Introduction……………………………………………………….………..1

Summary of Argument…………………………………………………..3

Argument……………………………………………………………….4

    **Matthew Did Not Simply List Counsel On The Form Filed At The OHR
And The EEOC; He Specifically Informed The OHR Investigative
Officer Ms. Martin, To Make All Communications With The Counsel
Of Record Only.**

Conclusion…………………………………………………………...11

Certificate of Compliance……………………………………...…….13

Certificate of Service………………………………………………...14

# TABLE OF AUTHORITIES

**Cases**                                                                 *Page(s)*

*Coleman v. Talbot County Detention Center*, Appeal No. 06-2024
(4th Cir. July 12, 2007) (*per curiam*)…………………………………...….2,11

*Hill v. John Chezik Imports,* 869 F.2d. 1122 (8th. Cir. 1989)…………….…….10

*Hunter v. Stephenson Roofing Inc,* 790 F.2d. 472 (6th Cir. 1986)…………....…10

*Love v. Pullman Co.,* 404 U.S. 522, 527 (1972)…………………………….....3

*Schuler v. Pricewaterhousecoopers*, *LLP*, 514 F.3d 1365 (D.C. Cir. 2008)
…………………………………………………………………………..3,4,6,7,9,10

*St. Louis v. Alverno College,* 744 F.2d. 1314 (7th. Cir. 1984)…………………..10

*Panyanouvong v. Vienna Wofltrap Hotel,* 525 F.Supp 2d. 793 (ED.Va. 2007)..…10

**Statutes & Rules**

29 C.F.R. §1626.10………………………………………………………....5

*Authorities on which we chiefly rely are marked with asterisks (*)*

# GLOSSARY OF ABBREVIATIONS

Dkt:        Docket
EEOC:       Equal Employment Opportunity Commission
Ex:         Exhibit
JA:         Joint Appendix
No.         Number
OHR:        D.C. Office of Human Rights
PIW:        Psychiatric Institute of Washington d/b/a Wisconsin Avenue
            Psychiatric Center, Inc: Defendant-Appellee's.

# INTRODUCTION

The Counterstatement of the Defendant-Appellee, Wisconsin Avenue Psychiatric Center Inc., fails to provide an accurate, unbiased and supported recitation of the facts as it makes no mention of Plaintiff-Appellant Matthew Maggio's ("Matthew") extensive communications at the D.C. Office of Human Rights (OHR) with Investigative Officer Ms. Tecora Martin on May 11, 2012, directing the OHR to send all communications to the counsel of record only.

On this day, the undersigned Counsel and our client Matthew physically visited the office of the OHR for an interview on his Title VII discrimination charge, wherein Ms. Martin made two handwritten notations documenting his representation by counsel. At all times when the case was being processed at the OHR, not once did Ms. Martin communicate with our client. She communicated with the counsel of record only. The charge of discrimination (or Form 5) that OHR prepared and cross filed with the Equal Employment Opportunity Commission (EEOC) also makes notice of Matthew's legal representation.

Instead, Appellee's brief and counterstatement[1] is entirely dedicated to our communications with the EEOC and that we did not inform the EEOC of his notice of representation.  Aside from the fact that the EEOC did not mail the Right to Sue to the counsel of record, and our prompt and diligent interactions with the EEOC

---

[1] On Page 7, bullet point 2 "The Nature of the Administrative Proceedings."

1

thereafter requesting the above Right to Sue, our communications with the EEOC is not central to the issues on appeal.

The dominant issue to resolve in this appeal begins and ends at the OHR.

If this Court finds that our communications with the OHR Investigative Officer Ms. Martin is evidence of our statement of Matthew's legal representation to both or either agency, it ends the inquiry and the decision must be in the favor of the plaintiff Matthew. Or to put it in another way, if the conversations held, and the forms that were filed at the OHR had instead occurred at an EEOC office, this Court will no doubt conclude that "of course the EEOC had knowledge of Matthew's legal representation!" Yet because we filed our complaint at the OHR (as opposed to the EEOC) this matter is now the subject of an unfortunate federal appeal.

Having not addressed Matthew's and counsel's oral and written representations to Ms. Martin and the OHR in their statement of facts, the Appellee has in fact effectively conceded that our command directing the OHR (and by implication the EEOC) to communicate with counsel only, was indeed made. And if this is the case, the District Court opinion must be overturned, and like the holding in *Coleman v. Talbot County Detention Center,* Appeal No. 06-2024 (4th Cir. July 12, 2007) (*per curiam*) the doctrine of equitable tolling applies.

# SUMMARY OF ARGUMENT

The work-share agreement provides that the EEOC and the OHR will process all Title VII charges that they originally receive[2].

As this Court said in *Schuler*, these agreements are "meant to ease charges through the remedial system, not to erect hurdles claimants must decipher and overcome.[3]"  Consequently, a Title VII employee does not need to re-file a charge after the termination of state proceedings[4].

In the present instance, Matthew filed a complaint at the OHR alleging sex discrimination against his employer, the defendant appallee Wisconsin Avenue Psychiatric Center with the OHR.  Both the EEOC and the OHR have a work-share agreement, where a charge filed at the OHR is deemed received by the EEOC (and vice versa).

On May 11, 2012, at the time of his initial interview at the OHR, Matthew along with his counsel, specifically informed the OHR Investigative Officer Ms. Martin that all communications are to be made with the counsel of record only.

---

[2] *See Schuler v. Pricewaterhousecoopers, LLP*, 514 F.3d 1365, 1373 (D.C. Cir. 2008)

[3] *Id.* at 1374

[4] *Id.* at 1376 citing to *Love v. Pullman Co.,* 404 U.S. 522, 527, (1972)

Additionally, both Matthew and his counsel, also informed the OHR Investigative Officer Ms. Martin, that this instruction was also to be made to the EEOC.

Consequently, post May 11, 2012, not once did the OHR communicate with Matthew but with his counsel only.

Yet despite this express communication, the EEOC sent the Right to Sue to Matthew's prior mailing address, and not to his counsel of record.

Consequently, equitable tolling in the present instance is appropriate since it is reasonable to assume, that a party who is represented by counsel, and whose representation is also known by state and federal agencies by virtue of the work-share agreement, should expect that all notices will be sent to his attorney or record. Matthew should not bear the brunt of the burden when it is the agency that fails to follow the claimant's and counsel's directions[5] .

## ARGUMENT

**Matthew Did Not Simply List Counsel On The Form Filed At The OHR And The EEOC; He Specifically Informed The OHR Investigative Officer Ms. Martin, To Make All Communications With The Counsel Of Record Only.**

The District Court in its ruling held that:

---

[5] *Id.* at 1375 ("It is well settled law that if the EEOC fails to refer a charge to the state charging agency, the EEOC's misfeasance is not held against the plaintiff.")

"..at no time did Maggio [Matthew] direct these agencies to solely communicate - or even dually communicate - with his counsel…Simply listing counsel on a form did not excuse Maggio's statutory obligation and his failure to exercise diligence in a matter that he brought before the agencies.[6]" (emphasis mine.)

The District Court holding is incorrect in two factual areas.

First on May 11, 2012, at the time of our intake interview at the OHR, both Matthew and his counsel of record, not only physically visited the OHR, but again, both Matthew and his counsel, both orally and in writing[7] informed the OHR, notice of his representation and that all communications are to be made with the counsel of record only.

Second, we did not merely list the counsel of record on the form; rather it was a verbal and written instruction to the OHR to direct all correspondences to the counsel of record only.  This is no more evidenced that post May 11, 2012, not once, did the OHR or Ms. Martin ever communicate with Matthew; OHR's communications were always with the undersigned counsel.

This falsity is again repeated by the Appellee's in their brief, when they state that Plaintiff asserts that:

---

[6] JA p.67; Dkt No. 9. Memo Opinion p. 5
[7] Insofar as Ms. Martin made a hand written notation on the OHR form by handwriting counsel's email address and by circling counsel's telephone number. (See Joint Appendix (JA. p. 52; Dist. Ct. Dkt No. 5. Ex. 8)

"it was the EEOC's responsibility to <u>figure out</u> that Plaintiff wanted the agency handling his claim to send all correspondence to his counsel. Moreover, Plaintiff ignores the fact that he did not expressly ask or direct the agencies to communicate with his counsel…" (Appellee's Brief pp. 13, 14.) (emphasis mine.)

Appellee's can only state this with a straight face, if they were to ignore our direction to the OHR and Ms. Martin.

As an initial matter, there was nothing for the EEOC to "figure out."

The direction to communicate with counsel was made to the OHR and under the work share agreement, and as agents for each other, both the OHR and the EEOC are deemed to have express knowledge of our representation.

Again the applicability of the work-share agreement, and that knowledge of one agency is imputed to the other, is not a novel concept in this Circuit.

In *Schuler* this Court acknowledged the applicability of the work-share agreement between the federal and state agencies, and that an employee's charge that was filed in the EEOC New York City Office, was also deemed cross filed with the OHR because (i) of the work-share agreement and (ii) both counsel and employee's instruction to the EEOC that the charge be cross filed with the OHR was dispositive of this matter.

In *Schuler* this Court said,

> Resolving this dispute requires an analysis of the worksharing agreement,
> which the EEOC, acting in accordance with 29 C.F.R. § 1626.10, has signed
> with the DCOHR. Because that "worksharing agreement . . . is in effect, . . .
> [c]harges received by one agency under the agreement shall be deemed
> received by the other agency." Id. § 1626.10(c) (emphasis added). The D.C.
> worksharing agreement's first operative provision expressly implements this
> regulation, stating, "[i]n order to facilitate the assertion of employment
> rights, the EEOC and the [DCOHR] each designate the other as its agent for
> the purpose of receiving and drafting charges." D.C. Worksharing
> Agreement P II.A. Read together, the regulation and agreement thus make
> clear that for all intents and purposes, the DCOHR receives charges filed
> with the EEOC […] it [also] bears repeating that Schuler explicitly told the
> EEOC that his "complaint should be CROSS FILED WITH THE HUMAN
> RIGHTS AGENCIES OF NEW YORK CITY, THE STATE OF NEW
> YORK, AND WASHINGTON, D.C." Decl. of Harold Schuler 5." [all caps
> emphasis in original.]  514 F.3d at. 1372, 1374.

Appellee's on page 14, fn. 6 of their brief, distinguish  *Schuler* on two

grounds: in that (i) *Schuler* does not "address subsequent communications with the

agencies, if any; [and (ii)] did not involve any wrong address or any effort on

Plaintiff's part to request or instruct the agencies to communicate directly with his

counsel."

The 2nd grounds are once again false, as we clearly communicated our intent

to the OHR and Ms. Martin that all communications are to be made with the

counsel of record only. Matthew also did not file a "wrong address" with the OHR.

As has already been articulated in our opening brief and Matthew's Declaration[8], at the time of Matthew's filing he was still receiving mail at his Washington D.C. address. And as his parental home in South Carolina was in the middle of being sold and in fact was placed in the open market from August 2012-August 2013, the only viable address that he could provide OHR was his District address, which was precisely what he did. Infact considering his circumstance, and his lack of a permanent residential address, it was also why, when Matthew and counsel met Ms. Martin and the OHR on May 11, 2012, we again specifically informed the OHR, that all communications are to be made with the counsel of record only, and that the EEOC is also to be informed of this. Infact because Matthew knew that his life would be in a transitional state for the next few months and years, it was why Matthew obtained legal representation, so that all communications can be effectively made between the agencies and his counsel of record. It was the bare minimum he expected from the Agencies for exercising his legal right to counsel.

Again this is not a novel concept. It has been a central tenant of American jurisprudence, and the State Bar Rule of Ethics that when a party is represented by counsel, all communications are to be made with the counsel of record only. It is why that a not a single notice in this case, or in this Court will be sent to either

---

[8] JA. p.50-51; Dist Ct. Dkt No. 5. Ex. 5

Matthew Maggio or the Wisconsin Avenue Psychiatric Center – but rather all notices and Orders are to be sent to their counsel of record.   This Court clearly understands this. Appellee's too understand this, for they would rightfully have grounds for sanctions, if the undersigned counsel picked up the phone and communicated with the Vice President of their client Ms. Carol Dejunes. The EEOC and the OHR on the other hand….

On Appellee's 1st ground in distinguishing *Schuler*, again the issue in here is not about subsequent or additional communications, but about one (1) communication only. In this case, our May 11, 2012 instruction to the OHR that all correspondences are to be made with the counsel of record only, and that the EEOC is also to be informed of this. Moreover even if the issue is one of subsequent communications, it still does not detract from the central principle articulated in *Schuler*, that communications to one agency is deemed communication to another agency by virtue of the work share agreement, irrespective of when or how many communications are made to either the OHR or the EEOC.

Again, as we alluded to in our Introduction, perhaps another way to resolve this in Matthew's favor is, would this Court uphold a charge for say disability discrimination, if the disability charge was known and filed with the EEOC only

for it to be not cross filed at the OHR? Under the holding in *Schuler,* this Court

would say Yes, and allow his disability claim to proceed. The *Schuler* reasoning

can similarly be applied in here in a case involving the EEOC's notice of his

representation, when such representation was clearly known by the OHR and is not

even disputed by the defendant-appellee's[9].

---

[9] We will not belabor this Court by disputing each and every argument and case cite of the defendant-appellee. We do not feel this is the goal of a Reply brief, more so when the appellee fails to mention our extensive interactions with the OHR on a matter that is central to resolving this appeal.  Having said that, appellee's case cites on pages 18-21 to their chief authorities in *Hill v. John Chezik Imports,* 869 F.2d. 1122 (8th. Cir. 1989),  and *Hunter v. Stephenson Roofing Inc,* 790 F.2d. 472 (6th Cir. 1986) are easily distinguishable as they do not involve the same facts as articulated in here, where both Matthew and his counsel specifically informed the OHR that all notices are to be sent to the counsel of record only.

Moreover, while the plaintiff in *Hill* was represented by counsel, the plaintiff upon knowledge of the right to sue, continued to wait before filing suit. *See Hill* 869 F.2d at 1124 ("[W]hen Hill actually learned in early October that the right to sue letter had already been sent, she still had ample time to file her suit. The facts in this case do not compel the equitable tolling of the ninety-day limitation period.")

The Plaintiff in *Hunter* was also not represented by counsel, as is the case for the plaintiff in *St. Louis v. Alverno College,* 744 F.2d. 1314 (7th. Cir. 1984).

Finally appellee's distinguished our chief cite to *Coleman* by citing to *Panyanouvong v. Vienna Wofltrap Hotel,* 525 F.Supp 2d. 793 (ED.Va. 2007).  But in *Panyanouvong* plaintiff's counsel first contacted the EEOC in October 2005 to request the Right to Sue, to only then follow up nine months later or in August 2006. Additionally, when plaintiff did obtain counsel, she did not inform the EEOC to direct all notices to her counsel of record. The District Court rightfully denied the application of equitable tolling.

For to quote *Coleman* the Fourth Circuit in applying equitable tolling and reversing the lower District court order held,

> Although we do not excuse Coleman's failure to notify the EEOC of her change of address, <u>it is not at all unreasonable for a layperson who has retained counsel to assume that all further matters will be handled by her attorney.</u> We therefore conclude that […] the primary fault is that of the EEOC for not--as both counsel and Coleman reasonably expected--sending a copy of the right-to-sue letter to counsel. In this vein, we note with approval counsel's diligence in pursuing the matter, first with the MHRC and then with the EEOC. (emphasis mine.)

## <u>CONCLUSION</u>

Appellee's are correct in that Matthew did not inform the EEOC or the OHR of his change in address to South Carolina. On May 11, 2012, Matthew did however in the presence of his counsel and together with his counsel, inform the OHR that all communications are to be made with the undersigned counsel of record only. We were adamant on this instruction, and that the EEOC too are to be informed of this. Post May 11, 2012, not once did the OHR and their investigative officer Ms. Martin communicate with Matthew, but all communications were with the counsel of record only. Under the work-share agreement both the OHR and the EEOC was deemed to be in possession of this knowledge and instruction. Despite

---

We have no such deficiencies in here, because both plaintiff and his counsel of record on May 11, 2012, informed the OHR that all notices are to be sent to the counsel of record. And as the lower court has already noted, upon learning that the Right to Sue was sent by the EEOC, counsel followed up with the EEOC within ten days of our initial contact. We were diligent.

this express knowledge, the EEOC mails the Right to Sue to Matthew's prior address. Matthew never receives the Right to Sue. The EEOC has accepted responsibility for their negligence, and that the Right to Sue was not mailed to the proper party. The District Court in its Memorandum Opinion acknowledges that "counsel was listed on the form cross filed with the DCOHR and the EEOC[….]" and we took all prompt and diligence action in pursing this matter with both the DCOHR and the EEOC. As a result we ask that this Court reverse the District Court Order and that the action is allowed to proceed for sex discrimination as under Title VII.

Respectfully submitted,
DHALI PLLC
/s/ Arinderjit (A.J) Dhali
Bar No. 54848
***Counsel for Plaintiff-Appellant Matthew Maggio***
1629 K. Street. Suite 300. NW
Washington D.C. 20006
T: (202) 556-1285
F: (202) 351-0518
Email: ajdhali@dhalilaw.com
July 30, 2014

## CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMITATION, TYPE FACE REQUIREMENTS & TYPE STYLE REQUIREMENTS

1. This brief complies with the type volume limitations of Federal Rules of Appellate Procedure 32(a)(7)(B).

x: This brief contains 2912 words, excluding the parts of the brief exempted by the Federal Rules of Appellate Procedure 32(a)(7)(B)(iii), or

_: This brief uses a monospaced typeface and contains ___ lines of text, excluding the parts of the brief exempted by the Federal Rules of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the type face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

x: This brief has been prepared in a proportionally spaced typeface using MS Word 2010 in a 14 point Time New Roman font, or

__: The brief has been prepared in a monospaced typespace using MS Word 2010 in a ___ characters per inch __ font.

/s/ Arinderjit Dhali
***Counsel for Plaintiff-Appellant Matthew Maggio***
July 30, 2014

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
# CERTIFICATE OF SERVICE

Matthew Maggio v. Wisconsin Avenue Psychiatric Center, Inc
No. 13-7181


The undersigned being duly sworn according to law and being over the age of 18, upon oath depose and say that:

On July 30, 2014, Counsel for Plaintiff-Appellant electronically filed the foregoing **Amended Reply Brief for Plaintiff-Appellant  (Final Brief)** with the clerk of the Court using the CM/ECF system, which will send notice to the following CM/ECF users:

Bonner Kiernan et al LLP
Kyle Pozza & Alan Block
***Counsel for Appellee-Defendant Wisconsin Avenue Psychiatric Center, Inc.***
1233 20th Street. NW 8th Floor. Washington D.C. 20036

Unless otherwise noted, an original and 8 copies were also filed with the Court

/s/ A.J. Dhali